# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ORANGE

S.S.

Subscribed and sworn to (or affirmed) before me on this 6TH day of APRIL, 20 15, by TAMARA SOPKA _____ and

Name of Signer (1)

_____, proved to me on the basis of

Name of Signer (2)

satisfactory evidence to be the person(s) who appeared before me.

_Mark a Palzul_
Signature of Notary Public

MARK A. PALAZUELOS
COMM. # 2071016
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires June 10, 2018

For other required Information (Notary Name, Commission No. etc.)

Seal

--- OPTIONAL INFORMATION ---

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

The certificate is attached to a document titled/for the purpose of

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

containing 8 pages, and dated 4-6-15

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
● form(s) of identification  ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____  Entry # _____

Notary contact: _____

Other

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

## VERIFICATION

STATE OF CALIFORNIA

COUNTY OF ORANGE

I, TAMARA SOPKA, being first duly sworn, state that I have read the foregoing complaint and all of the matters set forth therein are true and correct to the best of my knowledge, information, and belief.

*Tamara Sopka*
Tamara Sopka, Independent-Administrator of the
Estate of Orest Sopka, Deceased


Sworn to and subscribed before me this the ___ day of April, 2015.

_____SEE ATTACHED JURAT_____
                              Notary Public

My Commission Expires:

_____

8

are entitled to limit their liability to the said value of AXESS, and their interest therein, immediately following said incident and at the conclusion of the voyage at issue, and that a judgment be entered discharging Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC and AXESS from any further liability arising from or growing out of or in connection with said incident; and

      f.    Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC pray for such other relief to which they may show themselves justly entitled.

                Respectfully submitted,

                RUTKOWSKI LAW GROUP, P.C.

                By /s/ Anthony R. Rutkowski
                   Anthony R. Rutkowski

                Attorneys for Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC
                321 N. Clarke Street, Fifth Floor
                Chicago, Illinois 60654
                Telephone:   (312) 445-6390
                Fax:   (312) 276-4579
                E-mail: arr@rutkowskilawgroup.com

b. that upon approval of the foregoing, this Honorable Court enter an order enjoining and/or restraining the commencement and/or prosecution of any and all actions, suits, claims, legal proceedings, and/or arbitrations of whatsoever kind, nature, or character against Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC and/or the vessel, AXESS in rem, and any other person or entity whatsoever for whom Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC may be responsible, arising out of or attributable to the incident at issue herein;

c. that this Honorable Court cause notice to be issued to all persons, firms, or corporations having or alleging to have claims arising out of said incident:

    (i) admonishing them to appear and file their claims with the clerk of this Court on or before the date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims; and

    (ii) directing them to answer the allegations contained in this Complaint.

d. that this Court, after due hearing, determine that Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC and the vessel, AXESS are not liable for any damages on any basis whatsoever in connection with said incident;

e. that, in the alternative, should this Court determine that Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC and/or AXESS are liable to any person, firm, corporation, or entity to any extent on any basis, which Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC deny, then this Court determine that Petitioners

6

Sopka, Deceased, and Axess Holding Company, LLC, or of anyone whose privity and knowledge is imputable to Orest Sopka, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC. Therefore, Petitioners are entitled to limit their liability to the value of AXESS immediately following the incident at issue and at the conclusion of the voyage at issue pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501, et seq., and to that end, Petitioners are willing to proceed according to law and pursuant to the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases.

17. Immediately following the incident and at the conclusion of the voyage at issue, the post-casualty value of AXESS did not exceed $15,000. See the Affidavit of Daniel K. Rutherford, attached hereto as **Exhibit C**.

18. Markel American Insurance Company, who insured AXESS on May 31, 2014, offers an Ad Interim Stipulation for Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC's interest in said vessel in the sum of $15,000, plus interest at the rate of six (6%) percent per annum from the date of the filing of this complaint, and costs. (The Ad interim Stipulation has been attached hereto as **EXHIBIT D**.)

19. This complaint is filed less than six (6) months after the notice of claims filed by the Estate of Haws and the Estate of Blenner.

**WHEREFORE**, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC prays as follows:

a.. that this Court enter an order approving the Ad Interim stipulation for the value of AXESS in the total amount of $15,000, plus interest at the rate of six (6%) percent per annum from the date of the filing of this complaint, and costs;

for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The incident occurred within the jurisdiction of this Court and AXESS is presently located within the jurisdiction of this Court. The limitation action by Sailtime was filed in this Court and the lawsuits by Wolkowicki, the Estate of Blenner, and the Estate of Haws were all filed in Cook County, Illinois which is within the jurisdiction of this Court.

13. The aforementioned incident and any alleged loss and resulting injury, fatalities, and damages was not caused or contributed to by any fault or neglect on the part of Orest Sopka, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, as owners of the AXESS. Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, therefore, are entitled to be exonerated from all liability for said incident.

14. The claims asserted against Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC in connection with this incident are in an amounts that far exceed their interest in AXESS. There was no pending freight at the time of the incident.

15. Petitioners, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC hereby claim exoneration from liability for claims for damage for any and all losses, death, or injuries occasioned or incurred by or resulting from said incident, and from any and all suits and claims which have been or may hereafter be made against Petitioners, and Petitioners assert that valid defenses thereto exist in fact and in law.

16. The aforementioned incident was occasioned and incurred without the privity or knowledge of Orest Sopka, Tamara Sopka, Independent Administrator of the Estate of Orest

4

Action No. 1:14-cv-09050. By a Memorandum Opinion dated April 8, 2015, Sailtime's Complaint was dismissed on the basis that Sailtime had no ownership interest in AXESS. (See 1:14-cv-09050, D. 48.)

9. On December 22, 2014, the Estate of Meghan Blenner filed a claim against the Estate of Orest Sopka in the amount of $20 million for wrongful death. On December 23, 2014, the Estate of Ashley Haws filed a claim against the Estate of Orest Sopka in the amount of $20 million for wrongful death. See the notices of claim attached hereto as **Exhibit A**.

10. The Estate of Meghan Blenner, the Estate of Ashley Haws, and Shai Wolkowicki all filed suit in the Circuit Court of Cook County against Sailtime seeking damages relating to the May 31, 2014 sinking. See Wolkowicki v. Creative Yacht Management, Inc., No. 2014 L 7169; Blenner v. Creative Yacht Management, Inc., No. 2014 L 10958; and Haws v. Creative Yacht Management, Inc., No. 2014 L 012394. These actions are now consolidated. On or about January 20, 2015, Sailtime filed motions for leave to file third-party complaints seeking contribution against Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC. The motions were granted, and on February 9, 2015, Tamara Sopka, Independent Administrator of Estate of Sopka, Deceased accepted service of the third-party complaints on behalf of the Estate. See third-party complaints, **Exhibit B**.

11. There are no other demands, unsatisfied liens or claims of liens, in contract or in tort, or otherwise, arising from the voyage at issue, so far as known to Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, and no other actions, procedures, or lawsuits are known to be pending as a result of the said voyage.

12. Venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules

3

was named the Independent Administrator of the Estate of Orest Sopka, Deceased, which is filed intestate before the Circuit Court of Cook County, Illinois (No. 2014 P 003826).

4. Axess Holding Company, LLC is an Illinois limited liability company. Orest Sopka was the sole member of Axess Holding Company, LLC until the time of his death. Now, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Desceased, is the sole member Axess Holding Company, LLC.

5. On May 31, 2014, Orest Sopka and Axess Holding Company, LLC were the owners of a 2012 Rinker 310 Express motor vessel "AXESS". On May 31, 2014, AXESS sank during a voyage from New Buffalo, Michigan to Chicago, Illinois on Lake Michigan, bringing that voyage to an end. The vessel was later located and raised. It is currently situated at Crowley's Yacht Yard Lakeside in Chicago, Illinois.

6. AXESS is recreational vessel that was regularly operated upon the navigable waters of the United States on Lake Michigan within the jurisdiction of this Court. AXESS was under management by Creative Yacht Management, Inc., d/b/a Sailtime Chicago ("Sailtime") as part of its "Fractional Boating" business. Upon departing on the voyage, Orest Sopka expected that AXESS would be seaworthy, tight, staunch, and strong in all aspects.

7. On May 31, 2014, AXESS was being operated on Lake Michigan. On board were Orest Sopka, Shai Wolkowicki, Meghan Blenner, and Ashley Haws. That evening, AXESS sank several miles off the coast of Chicago. Orest Sopka, Meghan Blenner, and Ashley Haws were found deceased after the sinking. Shai Wolkowicki survived the incident.

8. On November 11, 2014, Sailtime filed a Complaint for Exoneration from or Limitation of Liability before this Court resulting from the May 31, 2014 incident. See In The Matter Of: The Complaint of Creative Yacht Management, Inc. d/b/a Sailtime Chicago, Civil

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, ) <br> Independent Administrator of the Estate of Orest Sopka, ) <br> Deceased, and Axess Holding Company, LLC as Owners ) <br> of a 2012 Rinker 310 Express motor vessel "AXESS", ) <br> for Exoneration from or Limitation of Liability ) | CIVIL ACTION NO. |

**COMPLAINT FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION:

Now Comes Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC ("Petitioners"), as owners of a 2012 Rinker 310 Express motor vessel "AXESS", and in support of the complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq., states:

1. This action is brought pursuant to 46 U.S.C. § 30501, et seq., commonly known as the Limitation of Vessel Owner's Liability Act.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the parties herein, and this matter is governed by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. Orest Sopka died in Lake Michigan after an incident that occurred on May 31, 2014 resulting in the sinking of the vessel he was aboard. On August 14, 2014, Tamara Sopka