

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, ) | CIVIL ACTION NO. |
| Independent Administrator of the Estate of Orest Sopka, ) | |
| Deceased, and Axess Holding Company, LLC as Owners ) | 15 cv 03230 |
| of a 2012 Rinker 310 Express motor vessel "AXESS", ) | |
| for Exoneration from or Limitation of Liability ) | |

### ORDER APPROVING AD INTERIM STIPULATION FOR VALUE, DIRECTING ISSUANCE OF NOTICE, AND RESTRAINING SUITS

Petitioners, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, as owners of a 2012 Rinker 310 Express motor vessel "AXESS", having on the 13th day of April, 2015, filed a complaint for exoneration from or limitation of liability in respect to claims for damage for any and all losses, death, or injuries arising out of an incident which occurred on May 31, 2014 on the navigable waters of the United States on Lake Michigan near Chicago, Illinois, having stated in the complaint the facts and circumstances upon which exoneration from or limitation of liability is based, and having filed an affidavit of value and an Ad Interim stipulation for value in the amount of the value of the vessel, desires to obtain an Order approving the Ad Interim stipulation for value, directing issuance of notice, and restraining suits;

Now on the proceedings heretofore had herein, and on verified pleadings which have been duly filed in this proceeding from which it appears that the value of Petitioners' interest in AXESS at the conclusion of the voyage on May 31, 2014 did not exceed the sum of $15,000.00;

And, upon receiving an Ad Interim stipulation for value by approved sureties in the total amount of $15,000.00, which is equal to the sum of Petitioners' interest in the AXESS, and costs;

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the tendered Ad Interim stipulation is hereby approved as adequate security and that a notice shall be issued in the form attached to this Order directed toward claims for damage for any and all losses, death, or injuries arising out of or occurring by reason of the incident which occurred on May 31, 2014 when the AXESS was involved in an incident on the navigable waters of the United States on Lake Michigan near Chicago, Illinois, as described in said complaint, citing them and others to appear before this Court and file their claims with the Clerk of the Court in writing, under oath, and to serve copies thereon on the attorney for Petitioners on or before August 7, 2015, and directing any person, firm, corporation, or entity, private or public, claiming damages as aforesaid, who shall desire to contest the claims of Petitioners to answer said complaint; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that public notice shall be given by publication thereof in the Chicago Daily Law Bulletin as provided by Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Petitioners shall also mail, not later than the day of the second publication, a copy of the public notice to every person, firm, or corporation known to have made a claim against Tamara Sopka, Independent

Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC or AXESS arising out of the voyage or trip on which the claims sought to be limited arose; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a restraining order is hereby issued from this Court restraining and enjoining all claims and proceedings against Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, and any other person or entity whatsoever for whom Petitioners may be responsible, in any court whatsoever, except in this proceeding for limitation, in respect to any matter arising out of and/or in conjunction with the aforesaid incident on May 31, 2014 and providing that any pending actions against the Petitioners, and any other person or entity whatsoever for whom Petitioners may be responsible, shall cease and that the Court enjoins the further prosecution of any action or proceeding against Petitioners, and any other person or entity whatsoever for whom Petitioners may be responsible, with reference to any claim arising out of or connected with the aforesaid incident.

This the _26_ day of May, 2015.

_____
United States District Judge