IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, as Owners of a 2012 Rinker 310 Express Motor Vessel "AXESS," for Exoneration from or Limitation of Liability | ) ) ) ) No. 15-cv-3230 ) ) Honorable Milton I. Shadur ) ) ) |

**ANSWER OF CLAIMANT, SKYWAY YACHT
WORKS LLC, TO PETITIONERS' COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

Now comes Claimant, Skyway Yacht Works LLC ("Skyway Yacht"), by its attorney, Dennis Minichello of Marwedel, Minichello & Reeb, P.C., and for its answer to the Complaint for Exoneration from or Limitation of Liability of Petitioners, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC ("Petitioners"), as Owners of a 2012 Rinker 310 Express Motor Vessel "AXESS," states as follows:

1. Skyway Yacht admits that this action is brought pursuant to 46 U.S.C. § 30501, *et seq*., commonly known as the Limitation of Vessel Owner's Liability Act.

2. Skyway Yacht admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, that this Court has jurisdiction over the parties herein, and that this matter is governed by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. Skyway Yacht admits that Orest Sopka died in Lake Michigan after an incident that occurred on May 31, 2014, resulting in the sinking of the vessel he was aboard, and that on

August 14, 2014, Tamara Sopka was named the Independent Administrator of the Estate of Orest Sopka, Deceased, which is filed intestate before the Circuit Court of Cook County, Illinois (No. 2014 P 003826).

4. Skyway Yacht is without knowledge or information sufficient to form a belief as to the truth of whether Axess Holding Company, LLC, is an Illinois limited liability company; whether Orest Sopka was the sole member of Axess Holding Company, LLC, until the time of his death; or if Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, is the sole member of Axess Holding Company, LLC.

5. Skyway Yacht admits that the *M/V Axess* sank during a voyage from New Buffalo, Michigan, to Chicago, Illinois, on Lake Michigan on May 31, 2014, bringing that voyage to an end; that the vessel was later located and raised; and that it is currently situated at Crowley's Yacht Yard Lakeside in Chicago, Illinois. Skyway Yacht is without knowledge or information sufficient to form a belief as to the truth of whether on May 31, 2014, Orest Sopka and Axess Holding Company, LLC, were the owners of a 2012 Rinker 310 Express motor vessel *Axess*.

6. Skyway Yacht is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether *Axess* was a recreational vessel that was regularly operated upon the navigable waters of the United States on Lake Michigan within the jurisdiction of this Court; whether *Axess* was under management by Creative Yacht Management, Inc., d/b/a SailTime Chicago ("SailTime"), as part of its "Fractional Boating" business; or if, upon departing on the voyage, Orest Sopka expected that *Axess* would be seaworthy, tight, staunch, and strong in all aspects.

7. Skyway Yacht admits that on May 31, 2014, *Axess* was being operated on Lake Michigan; that onboard were Orest Sopka, Shai Wolkowicki, Megan Blenner, and Ashley Haws;

that on that evening, *Axess* sank several miles off the coast of Chicago; that Orest Sopka, Megan Blenner, and Ashley Haws were found deceased after the sinking; and that Shai Wolkowicki survived the incident.

8. Skyway Yacht admits that on November 11, 2014, SailTime filed a Complaint for Exoneration from or Limitation of Liability before this Court resulting from the May 31, 2014, incident (*In the Matter of: The Complaint of Creative Yacht Management, Inc., d/b/a SailTime Chicago*, Civil Action No. 1:14-cv-09050), and that a Memorandum Opinion dated April 8, 2015, dismissed SailTime's complaint on the basis that SailTime had no ownership interest in *Axess*.

9. Skyway Yacht admits that on December 22, 2014, the Estate of Megan Blenner filed a claim against the Estate of Orest Sopka in the amount of $20 million for wrongful death, and that on December 23, 2014, the Estate of Ashley Haws filed a claim against the Estate of Orest Sopka in the amount of $20 million for wrongful death.

10. Skyway Yacht admits that the Estate of Megan Blenner, the Estate of Ashley Haws, and Shai Wolkowicki all filed suit in the Circuit Court of Cook County against SailTime seeking damages relating to the May 31, 2014 sinking (*Wolkowicki v. Creative Yacht Management, Inc.*, No. 2014 L 7169; *Blenner v. Creative Yacht Management, Inc.*, No. 2014 L 10958; and *Haws v. Creative Yacht Management, Inc.*, No. 2014 L 12394); that these actions are now consolidated; that on or about January 20, 2015, SailTime filed motions for leave to file third-party complaints seeking contribution against Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC; that the motions were granted; and that on February 9, 2015, Tamara Sopka, Independent Administrator of Estate of Orest Sopka, Deceased, accepted service of the third-party complaints on behalf of the Estate.

11. Skyway Yacht is without knowledge or information sufficient to form a belief as to the truth of the allegations that there are no other demands, unsatisfied liens, or claims of liens, in contract or in tort, or otherwise, arising from the voyage at issue, so far as known to Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, or that no other actions, procedures, or lawsuits are known to be pending as a result of the said voyage.

12. Skyway Yacht admits that venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; that the incident occurred within the jurisdiction of this Court, and *Axess* is presently located within the jurisdiction of this Court; that the limitation action by SailTime was filed in this Court; and that the lawsuits by Wolkowicki, the Estate of Blenner, and the Estate of Haws were all filed in Cook County, Illinois, which is within the jurisdiction of this Court.

13. Skyway Yacht denies that the aforementioned incident and any alleged loss and resulting injury, fatalities, and damages were not caused or contributed to by any fault or neglect on the part of Orest Sopka; Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased; and Axess Holding Company, LLC, as owners of the *Axess*. Skyway Yacht therefore denies that Petitioners are entitled to be exonerated from all liability for said incident.

14. Skyway Yacht is without knowledge or information sufficient to form a belief as to the truth of the allegations that the claims asserted against Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, in connection with this incident are in an amount that far exceeds their interest in *Axess*, or that there was no pending freight at the time of the incident.

15. Skyway Yacht denies that Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, are entitled to claim exoneration from liability for claims for damage for any and all losses, death, or injuries occasioned or incurred by or resulting from said incident, and from any and all suits and claims which have been or may hereafter be made against Petitioners, and denies that Petitioners are entitled to any valid defenses thereto that exist in fact and in law.

16. Skyway Yacht denies that Petitioners are or were without privity or knowledge of what caused the aforementioned incident, and further states that such privity or knowledge is imputable to Orest Sopka, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC; and further denies that Petitioners are entitled to limit their liability to the value of the *Axess* immediately following the incident at issue and at the conclusion of the voyage at issue pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501, *et seq*.

17. Skyway Yacht is without knowledge or information sufficient to form a belief as to the truth of the allegation that immediately following the incident and at the conclusion of the voyage at issue, the post-casualty value of *Axess* did not exceed $15,000.

18. Skyway Yacht admits that Markel American Insurance Company, who insured *Axess* on May 31, 2014, offers an Ad Interim Stipulation for Tamara Sopka's, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC's interest in said vessel in the sum of $15,000, plus interest at the rate of six percent (6%) per annum from the date of the filing of this complaint, and costs.

19. Skyway Yacht admits that this complaint is filed less than six (6) months after the notice of claims filed by the Estate of Haws and the Estate of Blenner.

WHEREFORE, Claimant, Skyway Yacht Works LLC, denies that the Petitioners are entitled to the relief sought in paragraphs a-f of the prayer for relief in their complaint and respectfully moves this Court for a finding and judgment that Petitioners are not entitled to exoneration from or limitation of liability for any and all claims arising out of the sinking of the *M/V Axess*, as more further alleged in the Petitioners' complaint, and for such other and further relief as the Court deems proper.

        Respectfully submitted,

        SKYWAY YACHT WORKS LLC

        By: /s/Dennis Minichello
            Dennis Minichello, #3122059
            Marwedel, Minichello & Reeb, P.C.
            10 South Riverside Plaza, Suite 720
            Chicago, Illinois 60606
            (312) 902-1600

## CERTIFICATE OF SERVICE

I, Dennis Minichello, an attorney, certify that on August 6, 2015, I served a copy of the foregoing document on each party of record registered with the CM/ECF system by electronically filing it with the Clerk of the United States District Court for the Northern District of Illinois, who will send notification of such filing to each of them, and by mailing a copy to each party of record not registered with the CM/ECF system, if any.

        /s/Dennis Minichello