**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF: The Complaint of ) | |
| TAMARA SOPKA, Independent Administrator of ) | No. 15-cv-3230 |
| the Estate of OREST SOPKA, Deceased, and ) | |
| AXESS HOLDING COMPANY, LLC, ) | |
| as Owners of a 2012 Rinker 310 Express motor ) | |
| vessel "AXESS" for Exoneration from or ) | Judge Milton I. Shadur |
| Limitation of Liability ) | |

**CLAIMANT PEGGY M. BLENNER'S MOTION TO DISMISS THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Claimant, PEGGY M. BLENNER, as Independent Administrator of the Estate of MEGAN BLENNER, Deceased, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., and for her Motion to Dismiss the Complaint for Exoneration from or Limitation of Liability of TAMARA SOPKA, Independent Administrator of the Estate of OREST SOPKA, Deceased (hereinafter "SOPKA") and AXESS HOLDING COMPANY, LLC pursuant to Federal Rule of Civil Procedure 12(b)(6) states as follows:

1. On May 31, 2014, the AXESS, a 33-foot motorboat (hereinafter "the Boat") owned by Axess Holding Company, LLC and operated by Orest Sopka, was en route from New Buffalo, Michigan to Chicago, Illinois. Megan Blenner, deceased, Ashley Haws, deceased, and Shai Wolkowicki were all passengers aboard the AXESS. Several miles east of 31st Street in Chicago, the AXESS suffered what is believed to be a mechanical failure and began to take on water, ultimately sinking.

2. Blenner, Haws, and Wolkowicki have alleged claims of negligence against the manager of the AXESS, Creative Yacht Management, Inc. d/b/a Sailtime Chicago (hereinafter "Sailtime"). Blenner and Haws also filed a notice of claim against the Estate of Orest Sopka.

Sailtime has filed a third party complaint against the Estate of Orest Sopka and Axess Holding Company, LLC.

3. Sopka and Axess Holding Company, LLC now bring an action to exonerate or limit their liability pursuant to 46 U.S.C. § 30501, *et seq.* for the wrongful deaths of Megan Blenner and Ashley Haws, as well as the injuries suffered by Shai Wolkowicki, by claiming that Orest Sopka and Axess Holding Company, LLC were the owners of the AXESS.

4. However, Sopka is not an owner of the AXESS. Therefore Sopka is not entitled to limit her liability and her Complaint for Exoneration from or Limitation of Liability must be dismissed.[1]

5. Issue preclusion or collateral estoppel, which prohibits litigants from relitigating issues actually resolved in an earlier proceeding. *Spallone v. Vill. of Roselle*, 584 F. Supp. 1387, 1389 (N.D. Ill. 1984).

6. On November 11, 2014, Sailtime filed a complaint for exoneration from or limitation from liability. (See Case No. 1:14-cv-09050). Sopka joined in the claimants' 12(b)(6) motion to dismiss, which stated that Axess Holding Company, LLC was the sole owner of the AXESS, and Sopka the acting member of the limited liability company, citing the Boat Management Agreement.

7. In granting the claimants' motion to dismiss, the court determined that Axess Holding

---

[1] Although this motion to dismiss is directed at Sopka, Sopka and Axess Holding Company, LLC filed a single-count complaint. Therefore, Claimants must move to dismiss the entire complaint. Claimants respectfully request additional time to file an Answer against one or both Petitioners should an Answer be necessary after a ruling on this motion. In the alternative, Claimants request this Court treat this motion as a partial motion to dismiss a Limitation action by Sopka and issue an order granting additional time for and leave to file an Answer to the claim of Axess Holding Company, LLC. *See, e.g., Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219 (N.D. Ill. 1997).

Company, LLC was the owner of the AXESS. *In Matter of Creative Yacht Mgmt., Inc.*, No. 14 C 9050, 2015 WL 1636424, at *2 (N.D. Ill. Apr. 8, 2015) (Memorandum Opinion, 1:14-cv-09050, Doc. #48). Because ownership of the Boat was previously litigated with Sopka fully represented, the issue is precluded from relitigation and this Court must dismiss Sopka's petition to limit her liability.

8. "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

9. Here, the AXESS was maintained pursuant to a Boat Management Agreement between the Owner, Axess Holding Company, LLC, and the Manager, Sailtime. The Boat Management Agreement is central to Sopka's claim as it constitutes the core of its basis for alleging Sopka and Axess Holding Company, LLC were (1) owners of the AXESS and (2) lacked privity or knowledge of any negligence and "expected the AXESS would be seaworthy" due to its management agreement with Sailtime. The Boat Management Agreement unambiguously states that SailTime was the "Manager" and Axess Holding Company, LLC was the "Owner" of the AXESS.

10. Since Sopka is not the owner of the boat, she cannot state a claim under the Limitations of Liability Act. In light of the aforementioned, the Complaint for Exoneration from or Limitation of Liability should be dismissed.

## CONCLUSION

WHEREFORE, Claimant, PEGGY M. BLENNER, as Independent Administrator of the Estate of MEGAN BLENNER, Deceased, requests that this Court dismiss the Complaint for

Exoneration from or Limitation of Liability of TAMARA SOPKA, Independent Administrator of the Estate of OREST SOPKA, Deceased and AXESS HOLDING COMPANY, LLC with prejudice.

Dated August 6, 2015

                                              Respectfully submitted,

                                              <u>/s/ Kevin P. Durkin</u>
                                              Kevin P. Durkin
                                              Sean P. Driscoll
                                              Tracy A. Gibbons
                                              Clifford Law Offices, P.C.
                                              120 North LaSalle Street
                                              Suite 3100
                                              Chicago, Illinois 60602
                                              (312) 899-9090
                                              Attorneys for Claimant Megan Blenner