**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, ) <br> Independent Administrator of the Estate of ) <br> Orest Sopka, Deceased, and Axess Holding ) <br> Company, LLC as Owners of a 2012 Rinker ) <br> 310 Express motor vessel "AXESS", for ) <br> Exoneration from or Limitation of Liability ) | Case No. 15 C 3230 |

## MEMORANDUM

This admiralty action has been brought by Tamara Sopka, Independent Administrator of the Estate of decedent Orest Sopka ("Sopka") and Axess Holding Company, LLC ("Company") (collectively "Petitioners"), seeking exoneration from or limitation of liability under the auspices of the Limitation of Vessel Owner's Liability Act ("Act"), more specifically 46 U.S.C. § 30511 ("Section 30511"). Petitioners' action focuses on the May 31, 2014 sinking on Lake Michigan of the motor vessel "AXESS," resulting in the tragic death of all but one of the persons aboard: Sopka himself, Megan Blenner ("Blenner") and Ashley Haws ("Haws"). Shai Wolkowicki ("Wolkowicki") was the sole survivor.

Several of the claimants who have emerged in response to the action have moved for its dismissal on the ground that Sopka (to whose interest the petitioning Administrator of his estate has succeeded) was not an "owner" of the motor vessel entitled to invoke Section 30511, the term used in that statute to designate its potential beneficiaries. Most recently Wolkowicki and some additional claimants have noticed up for presentment at 9 a.m. August 20, 2015 (the time and date earlier set for a status hearing) their motions to adopt and join in Blenner's dismissal motion, and this memorandum order is issued sua sponte to request that the litigants weigh in with citations to any caselaw that they may have located bearing on that question on or before

August 17,[1] with a contemporaneous delivery of their respective submissions to this Court's chambers by that date.

Although neither this Court nor its law clerk assigned to even-numbered cases has had the opportunity to engage in meaningful research on the subject, a threshold consideration of the subject suggests the possibility that a literal reading of the term "owner" that would exclude the sole member of a limited liability company that was created to take title to a vessel (the relationship alleged to have existed between Sopka -- and now the administrator of his estate -- and M/V AXESS) may not reflect the intended meaning of that term and the Act's purposes. In that respect a very brief look at the subject by this Court has turned up the nearly three-quarter-century-old opinion in Coryell v. Phipps, 317 U.S. 406 (1943), which affirmed lower court opinions that had permitted a corporate stockholder to invoke limitation of liability under the then-existing predecessor to Section 30511. Because this Court's law clerk's major commitment to other high priority matters will preclude anything other than the most limited additional research (if that) before the August 20 hearing date, the input from the litigants in response to this request is particularly important.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 10, 2015

---

[1] This request does not call for briefing -- just simply the listing of citations deemed relevant, accompanied by photocopies of any of those opinions not reported in bound volumes.