# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In the Matter of the Complaint of Tamara Sopka, )
Independent Administrator of the Estate of )
Orest Sopka, Deceased, and Axess Holding ) Case No. 15 C 3230
Company, LLC as Owners of a 2012 Rinker )
310 Express motor vessel "AXESS", for )
Exoneration from or Limitation of Liability )

## SUPPLEMENT TO MEMORANDUM

This Court issued a brief Memorandum yesterday, directing the litigants in this admiralty case to provide relevant citations bearing on the meaning and scope of the term "owner" as employed in 46 U.S.C. § 30511 ("Section 30511"), a part of the Limitation of Vessel Owner's Liability Act ("Act"). As the Memorandum went on to explain, this Court's excellent law clerk Michael Schorsch -- the clerk who bears responsibility for addressing even-numbered cases on this Court's calendar -- would likely have no more than a limited amount of time to engage in a similar search before the scheduled August 20 hearing date.

In the meantime law clerk Schorsch has indeed taken the opportunity to devote some time to the subject, and early on he took the sensible step of looking at the closely related limitation of liability case earlier assigned to and dealt with by this Court's colleague Honorable Samuel Der-Yeghiayan to see whether that case might throw some light on the subject. That case (In re Creative Yacht Mgmt., Inc. d/b/a SailTime Chicago, Case No. 14 C 9050) involved the selfsame incident as this one: the May 31, 2014 sinking of M/V AXESS on Lake Michigan, causing the death by drowning of all but one of the persons aboard -- Orest Sopka ("Sopka"), Megan Blenner ("Blenner") and Ashley Haws ("Haws") -- with Shai Wolkowicki ("Wolkowicki") as the sole

survivor.  And that case too sought exoneration under Section 30511, having been instituted by the plaintiff referred to here as "SailTime."[1]

As it turned out, that look into Judge Der-Yeghiayan's case did far more than cast a little light on the issue before this Court.  Instead it has proved to be more of a searchlight, acting to dispel the fog created by the current motions to dismiss Sopka's action on the premise that he was not the "owner" of M/V Axess.  Here the lead motion for dismissal, which has been joined in and adopted by Haws, Wolkowicki and even SailTime (which is now acting as a potential claimant rather than, as it had sought to argue before Judge Der-Yeghiayan, as the vessel's "owner"), has been filed by Blenner.  And listen to what Blenner, represented in that case as here by Clifford Law Offices, PC, said in its reply memorandum in support of its ultimately successful motion to dismiss SaleTime's attempt to obtain exoneration from or limitation of liability:[2]

1. At Reply 2 , at the very outset of the <u>Argument</u> section, Blenner (through counsel, of course) said (emphasis added):

   At the time of the incident, SailTime was not operating the AXESS or even renting the AXEES [sic].  <u>Rather, at the time of the occurrence, Orest Sopka, through Axess Holding Company, LLC, was both owner and operator of the boat (Ex. A at p. 11).</u>

2. At Reply 4, in distinguishing a case sought to be relied on by SailTime, Blenner stated (emphasis again added):

---

[1] In the interest of simplicity, all of the interested parties, including the successors in interest to the deceased occupants of the motor vessel, will be referred to by employing the quotation-mark-enclosed names set out in this paragraph of the text.

[2] Judge Der-Yeghiayan's April 8, 2015 memorandum opinion dismissing that case may be found at 2015 WL 1636424.  And as it reflects (<u>id.</u> at *1), Blenner's motion there was also joined in by Haws and Wolkowicki -- and, indeed, by Sopka too (as a claimant in that case).

> By contrast, SailTime was not operating the AXESS -- <u>Orest
> Sopka was both owner and operator of the boat through Axess
> Holding Company, LLC</u>.

3. Also at Reply 4, in distinguishing an early Supreme Court decision cited by SailTime, Blenner stated (with the internal quotation there having an obvious and direct bearing on the effect of Sopka's creation of the limited liability company of which he was the sole member):

> <u>Flink v. Paladini</u>, 279 U.S. 59, 62 (1928): Holding no more than
> that state law-created liability of stockholders in a corporation
> owning a vessel was subject to limitation of liability under the
> federal Limitation of Liability Act. "For this purpose no rational
> distinction can be taken between several persons owning shares in
> a vessel directly and making the same division by putting the title
> in a corporation and distributing the corporate stock." <u>Id.</u> at 62.

4. At Reply 5, in the course of discussing <u>In re Oil Spill by the AMOCO CADIZ</u>, 954 F.2d 1279, 1302 (7th Cir. 1992) (per curiam), Blenner said (again with emphasis added):

> Similarly, in this case, SailTime assisted with the regular
> maintenance and operation of the AXESS, and <u>Orest Sopka, as the
> member of Axess Holding Company, LLC, was the owner (Ex. A.
> at p. 11)</u>.[3]

It is obvious that what has been set out here has more than mere relevance to the issue now before this Court -- it also stands to have a major impact on that issue. Moreover, it appears to pose other serious questions beyond the legal question of the meaning and scope of the statutory term "owner." As to the potential claimant clients, all of whom have now urged dismissal on the ground that Sopka was assertedly not the owner of the motor vessel, their

---

[3] Wolkowicki's Reply in Judge Der-Yeghiayan's case (Dkt. No. 43, filed February 26, 2015 essentially copied the Blenner Reply (Dkt. No. 42, filed on the same date).

counsel must look into (not in time for potential determination at the August 20 hearing, of course) the legal propriety of their having prevailed on an issue in one lawsuit based on a legal argument advanced there, then attempting to urge the polar opposite of that argument in an attempt to prevail in this second and closely related lawsuit. And as to the claimants' counsel who seek to advance that polar-opposite argument, it would appear to raise questions of professional responsibility -- of the ethics of doing so.

                                                                     _____
                                                                         Milton I. Shadur
                                                                         Senior United States District Judge

Date: August 11, 2015