IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC as Owners of a 2012 Rinker 310 Express motor vessel "AXESS" for Exoneration from or Limitation of Liability | Case No. 1:15-cv-03230<br><br>Hon. Milton I. Shadur |

## HAWS' COUNSEL'S RESPONSE TO SUPPLEMENT TO MEMORANDUM

Pursuant to the Order, dated August 20, 2015 (Doc #43), Rolewick & Gutzke, P.C., counsel for Respondent Sharon Haws, as Independent Administrator of the Estate of Ashley Haws, Deceased ("Haws"), hereby responds to this Court's Supplement to Memorandum, dated August 11, 2015 (the "Supplement").

The Supplement raises questions of professional responsibility, arising from what the Court perceives to be contradictory stances taken by Haws and the other claimants in pleadings filed in this case and in another case, *In re Creative Yacht Mgmt., Inc. d/b/a SailTime Chicago*, Case No. 14-cv-9050 ("Case 1"). Both cases involve the same event. On May 31, 2014, the motor vessel "Axess," which was operated by Orest Sopka ("Sopka"), sank, stranding Sopka and three passengers in Lake Michigan. One of the passengers, Shai Wolkowicki ("Wolkowicki"), was rescued the following morning and survived. Sopka and the other two passengers, Haws and Meghan Blenner ("Blenner"), died.

In Case 1, Creative Yacht Management d/b/a SailTime Chicago ("SailTime") claimed that the Limitation of Vessel Owner's Liability Act (the "Act") capped SailTime's liability for damages suffered by Haws, Blenner, Wolkowicki, and Sopka. In Case 1, Judge Der-Yeghiayan

1

granted the Motion to Dismiss filed by Blenner (and joined and adopted by Haws, Wolkowicki, and Sopka), ruling that the Act did not apply to SailTime because SailTime was not an owner or owner *pro hac vice* of the Axess. The Reply in support of the Motion to Dismiss in Case 1 disputed that SailTime was the owner of the boat, and stated that Orest Sopka, "through" and "as the member of" Axess Holding Company, LLC, was the owner and operator of the Axess.

In this case, Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC, seek exoneration or limitation of liability under the Act. Blenner, joined by Haws, Wolkowicki, and SailTime, moved to dismiss the Complaint, asserting that the Act does not protect Sopka because Sopka was not the owner of the boat. Thus, in Case 1, the Reply filed in support of the Motion to Dismiss, asserted that Sopka "through" and "as the member of" Axess Holding Company, LLC, owned the Axess, but in this case, Blenner, joined by Haws, Wolkowicki, and SailTime, asserts that Sopka did not own the Axess. The Court asks if this apparent inconsistency constitutes an ethical violation.

Haws' counsel respectfully submits that no violation of the Federal Rules of Civil Procedure ("F.R.C.P.") or the Illinois Rules of Professional Conduct ("I.R.P.C.") occurred in this case or in Case 1. Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper…an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 3.3 of the Illinois Rules of Professional Conduct provides, in pertinent part:

> (a) A lawyer shall not knowingly:
>
> > (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer [...]
>
> (b) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6. [...]

In adopting and joining the Motions to Dismiss in Case 1 and this case, counsel for Haws committed no F.R.C.P. Rule 11 violation or I.R.P.C. Rule 3.3 violation. As required by F.R.C.P. Rule 11, the factual contentions in the Motion to Dismiss in this case concerning the ownership of the Axess have substantial "evidentiary support." Among the documents supporting the contention that Axess Holding Company, LLC, and not Sopka, individually, owned the boat on May 31, 2014, are the Boat Management Agreement, dated January 26, 2013, between SailTime and Axess Holding Company, LLC, which was filed as Exhibit A to the Complaint in Case 1 (Doc #1-1 in Case 1:14-cv-09050). The Agreement defines "Axess Holding Company, LLC," as the "Owner" of the Axess and was signed by Orest Sopka in his capacity as a "Member" of the company. Additionally, a Contribution to Capital Agreement, between Orest Sopka and Axess Holding Company, LLC , states that, effective October 18, 2012, "Sopka hereby contributes, transfers, assigns and conveys to the Company as the Company's sole member" all of his interest in the Axess.

Immediately after the Court presented its concerns about the Motion to Dismiss, Haws, Blenner, Wolkowicki, and SailTime withdrew the Motion to Dismiss so as to avoid unnecessary

3

delay and increase in the cost of litigation. The Motion was not brought for any improper purpose, and it was promptly withdrawn. The Motion to Dismiss not only complies with Rule 11, but it also complies with I.R.P.C. Rule 3.3. As discussed above, Haws and the other claimants have a good faith reason to believe that Axess Holding Company, LLC, and not Orest Sopka, individually, owned the Axess on the date it sank. Thus, the Motion to Dismiss contains no false statement of fact regarding the ownership of the vessel.

Turning to Case 1, the Reply in support of the Motion to Dismiss stated that Orest Sopka, "through Axess Holding Company, LLC" and as "the member of Axess Holding Company, LLC," owned and operated the boat. By way of explanation, but not excuse, Axess Holding Company, LLC is a single-member LLC. Although the statements in the Reply referred to above are inexact, they had no impact on the dispute in Case 1. The issue in Case 1 was whether SailTime owned the boat. In reaching his decision that SailTime was not an owner or owner *pro hac vice* of the vessel, Judge Der-Yeghiayan relied in part on the Management Agreement, which defined Axess Holding Company, LLC as the "Owner" of the Axess.

In retrospect, Sopka was mistakenly referred to as an owner in the Case 1 Reply. The mistakes in the Reply, which had no impact on Judge Der-Yeghianan's decision to grant the Motion to Dismiss, do not amount to "false statements of material fact."

In addition to the foregoing, counsel for Haws apologizes to the Court for any imposition caused by these issues.

WHEREFORE, Rolewick & Gutzke, P.C., respectfully states that the submissions to this Court filed on behalf of Sharon Haws, as Independent Administrator of the Estate of Ashley Haws, deceased, referred to herein, did not violate F.R.C.P. Rule 11 or the Illinois Rules of Professional Conduct.

ROLEWICK & GUTZKE, P.C.

BY: /s/ Timothy J. Mahoney
Timothy J. Mahoney

David F. Rolewick (ID No. 2368641)
Timothy J. Mahoney (ID No. 6197486)
Hilary E. Wild (ID No. 4378832)
ROLEWICK & GUTZKE, P.C.
*Attorneys for Respondent Sharon Haws, Independent Administrator of the Estate of Ashley Haws, Deceased*
1776 S. Naperville Road, Suite 104A
Wheaton, Illinois 60189
Phone: (630) 653-1577
Facsimile: (630) 653-1579

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2015, I electronically filed Haws' Counsel's Response to Supplement to Memorandum, and this Certificate of Service, with the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. In accordance with Local Rule 5.9, service upon the parties' representatives named in the accompanying service list was or will be accomplished by electronic mail through the CM/ECF system.

DATED: Wheaton, Illinois, September 17, 2015.

ROLEWICK & GUTZKE, P.C.

BY: /s/ Timothy J. Mahoney
Timothy J. Mahoney

David F. Rolewick (ID No. 2368641)
Timothy J. Mahoney (ID No. 6197486)
Hilary E. Wild (ID No. 4378832)
ROLEWICK & GUTZKE, P.C.
*Attorneys for Respondent Sharon Haws, Independent Administrator of the Estate of Ashley Haws, Deceased*
1776 S. Naperville Road, Suite 104A
Wheaton, Illinois 60189
Phone: (630) 653-1577
Facsimile: (630) 653-1579

## SERVICE LIST

Anthony R. Rutkowski
Rutkowski Law Group, P.C.
321 N. Clark St., 5th Floor
Chicago, IL 60654
arr@rutkowskilawgroup.com
*Counsel for Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC*

Curt Justin Schlom
Corinne L. Conrad
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe, Suite 3800
Chicago, IL 60603
curt.schlom@wilsonelser.com
Corinne.conrad@wilsonelser.com
*Counsel for Creative Yacht Management, Inc.*

Kenneth A. Hoffman
J. Wesley Mitchell
Mitchell, Hoffman & Wolf, LLC
221 North LaSalle Street, Suite 1148
Chicago, IL 60601
khoffman@mitchellhoffmanwolf.com
jwmatty@aol.com
*Counsel for Shai Wolkowicki*

Robert A. Clifford
Kevin P. Durkin
Sean Patrick Driscoll
Tracy A. Brammeier
Clifford Law Offices, P.C.
120 North LaSalle Street, Suite 3100
Chicago, IL 60602
rac@cliffordlaw.com
kpd@cliffordlaw.com
spd@cliffordlaw.com
tab@cliffordlaw.com
*Counsel for Peggy M. Blenner, as Successor Independent Administrator of the Estate of Megan Blenner, Deceased*

Robert John Cooney, Jr.
Daniel T. Stanton
Timothy G. Martin
Cooney & Conway
120 North LaSalle Street, 30th Floor
Chicago, IL 60602
bcooney@cooneyconway.com
dstanton@cooneyconway.com
tmartin@cooneyconway.com
*Counsel for Tamara Sopka, Independant Administrator of the Estate of Orest Sopka, Deceased*

Dennis Minichello
Michael D. Reed
Marwedel, Minichello & Reeb, P.C.
303 W. Madison St., Suite 1100
Chicago, IL 60606
dminichello@mmr-law.com
*Counsel for Skyway Yacht Works*

James E. Mercante
Rubin, Fiorella & Friedman, LLP
630 Third Ave.
New York, NY 10017
jmercante@rubinfiorella.com
*Counsel for Tamara Sopka and Axess Holding Company, LLC*