**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, )<br>Independent Administrator of the Estate of )<br>Orest Sopka, Deceased, and Axess Holding )<br>Company, LLC as Owners of a 2012 Rinker )<br>310 Express motor vessel "AXESS", for )<br>Exoneration from or Limitation of Liability ) | Case No. 15 C 3230 |

## **MEMORANDUM**

      This Court's August 10, 2015 memorandum and August 11 supplement to that memorandum questioned the propriety of the 180° change in defense counsel's factual and legal position, as advanced here by (1) Peggy Blenner ("Blenner") as Independent Administrator of the Estate of Decedent Megan Blenner, (2) Sharon Haws ("Haws") as Independent Administrator of the Estate of Decedent Ashley Haws and (3) Shai Wolkowicki ("Wolkowicki"), from the stance that all three had taken in an earlier lawsuit before this Court's colleague Honorable Sam Der-Yeghiayan (to whose calendar that earlier action, Case No. 14 C 9050, In re Creative Yacht Mgmt., Inc., had been delivered via random assignment). In that 2014 case Haws and Wolkowicki had adopted Blenner's motion to dismiss a petition for exoneration from or limitation of liability that had been filed against them by the Creative Yacht petitioner.

      Now counsel for all three have filed responses to this Court's inquiry in which they seek to distance both themselves and their respective clients from the positions staked out in Blenner's reply in support of the motion to dismiss the 14 C 9050 petition, a motion that was granted by Judge Der-Yeghiayan. But although those responses have sufficed to eliminate the prospect of sanctions stemming from the reversal of position that the same parties have now taken in this

action, they do not provide an effective answer to the more fundamental question whether such reversal of position should be countenanced here.

Simply put, all of the current responses reflect that the Blenner reply in Case No. 14 C 9050 (its Dkt. No. 42) had expressly said this:

> Orest Sopka, through Axess Holding Company, LLC, was both owner and operator of the boat.

That assertion has really acknowledged the obvious reality that Sopka had created the LLC for the sole purpose of holding title to the vessel, the LLC's sole asset (it is scarcely accidental that the name Sopka chose for that titleholder was "holding company"). It is also obvious that Sopka created the LLC purely as a convenience to himself, perhaps in hopes of insulating himself against personal liability in some respects while meanwhile retaining total control as to all aspects of the vessel's existence. And at least as importantly for present purposes, it is equally obvious that the three claimants who now attempt to extricate themselves from this current petition for exoneration from or limitation of liability by arguing that Sopka was <u>not</u> the vessel's owner had earlier staked out the opposite position on the premise set forth in the statement quoted earlier in this paragraph.

At this point, then, those three claimants are attempting to back away by stating that their earlier position -- one advanced when they thought it was advantageous to them -- was just a "mistake." In that regard it is really not relevant that Judge Der-Yeghiayan's order dismissing 14 C 9050 did not point to the earlier-quoted statement of position -- it is rather that litigants ought not to game the system by advancing one factual and legal position when it appears to be to their advantage to do so, then by asserting the opposite position when <u>it</u> later looks to be

self-advantageous. Omar Khayyám made the same point more poignantly in Stanza 71 of the

Rubáiyát:

> The Moving Finger writes; and, having writ,
> Moves on: nor all your Piety nor Wit
> Shall lure it back to cancel half a Line,
> Nor all your Tears wash out a Word of it.

In short, the three claimants will have to do something more than cry "mistake" and withdraw their motions to dismiss the current position, as they have done, hoping to avoid any adverse consequences from such an unwarranted U-turn. This Court will leave it to the litigants to provide appropriate authority on the issues, so that an ultimate ruling may be made on the subject.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 24, 2015