(Revised 12/11)

# United States District Court   Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| Case Title: In the Matter of the Complaint of Tamara Sopka, Independent Administrator f | Plantiff(s) |
|---|---|
| VS. | |
| | Defendant(s) |

| Case Number: 15-CV-03230 (MIS) | Judge: Judge Shadur |
|---|---|

I, Christopher A. Abel, hereby apply to the Court under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

Markel American Insurance Company by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | DateAdmitted |
|---|---|
| SEE ATTACHED | |
| | |
| | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*If denied, please explain:
(Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

Has the applicant designated local counsel?    Yes ✓    No ☐

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

| | | |
|---|---|---|
| censured, suspended, disbarred, or otherwise disciplined by any court? | Yes ☐ | No ☑ |
| or is the applicant currently the subject of an investigation of the applicant's professional conduct? | Yes ☐ | No ☑ |
| transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court? | Yes ☐ | No ☑ |
| denied admission to the bar of any court? | Yes ☐ | No ☑ |
| held in contempt of court? | Yes ☐ | No ☑ |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

April 4, 2016                              s/ Christopher A. Abel

_____          _____
           Date                              Electronic Signature of Applicant

| Applicant's Name | Last Name<br>Abel | | First Name<br>Christopher | | Middle Name/Initial<br>A. |
|---|---|---|---|---|---|
| Applicant's Law Firm | Willcox & Savage, P.C. | | | | |
| Applicant's Address | Street Address<br>440 Monticello Avenue | | | | Room/Suite Number<br>Suite 2200 |
| | City<br>Norfolk | State<br>Virginia | ZIP Code<br>23510 | Work Phone Number<br>(757) 628-5547 | |

(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $176.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

In the Matter of the Complaint of Tamara Sopka, Independent Administrator for the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC as Owners of a 2012 Rinker 310 Express motor vessel "AXESS" for Exoneration from or Limitation of Liability

Case No. 15-CV-03230 (MIS)

## ATTACHMENT TO MOTION FOR LEAVE TO APPEAR PRO HAC VICE

I am a member in good standing and eligible to practice before the following courts:

| TITLE OF COURT | DATE ADMITTED |
|---|---|
| The Supreme Court of Virginia | 1990 |
| The Supreme Court of the United States | 1995 |
| The First U.S. Circuit Court of Appeals | 2005 |
| The Fourth U.S. Circuit Court of Appeals | 1990 |
| The Court of Appeals of the Armed Forces | 1990 |
| The Court of Appeals for the Federal Circuit | 2009 |
| The U.S. District Court for the Eastern District of Virginia | 1995 |
| The U.S. District Court for the Western District of Virginia | 2004 |
| The U.S. District Court for the Western District of Michigan | 2002 |
| The United States Court of Federal Claims | 2009 |