```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

TAMARA SOPKA and AXESS HOLDING    )  No.  15 C 3230
COMPANY LLC,                      )
                                  )  Chicago, Illinois
                     Plaintiffs,  )  April 12, 2016
                                  )  9:25 o'clock a.m.
                                  )
     -vs-                         )
                                  )
SKYWAY YACHT WORKS LLC, et        )
el.,                              )
                                  )
                     Claimants.   )
```

          TRANSCRIPT OF PROCEEDINGS - STATUS
        BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | RUTKOWSKI LAW GROUP P.C.<br>BY: MR. ANTHONY R. RUTKOWSKI<br>321 North Clark Street<br>5th Floor<br>Chicago, Illinois 60654 |
| For Skyway Yacht Works LLC: | MARWEDEL MINICHELLO & REEB, P.C.<br>BY: MR. DENNIS MINICHELLO<br>309 West Madison Street<br>Suite 100<br>Chicago, Illinois 60606 |
| For Sharon Haws: | ROLEWICK & GUTZKE, P.C.<br>BY: MS. HILARY E. WILD<br>1776 South Naperville Road<br>Suite 104A<br>Naperville, Illinois 60189 |
| Court Reporter: | ROSEMARY SCARPELLI<br>219 South Dearborn Street<br>Room 2304A<br>Chicago, Illinois 60604<br>(312) 435-5815 |

```
 1   APPEARANCES:

 2   For SailTime Chicago:      WILSON ELSER MOSKOWITZ EDELMAN
                                & DICKLER
 3                              55 West Monroe Street
                                Suite 3800
 4                              Chicago, Illinois 60603

 5
     For Megan Blenner:         CLIFFORD LAW OFFICES, P.C.
 6                              BY:  MS. TRACY A. BRAMMEIER
                                120 North LaSalle Street
 7                              Suite 3100
                                Chicago, Illinois 60602
 8

 9   ALSO PRESENT:

10   For Proposed               WILCOX & SAVAGE, P.C.
     Intervenor:                BY:  MR. CHRISTOPHER A. ABEL
11                              440 Monticello Avenue
                                Suite 2200
12                              Norfolk, Virginia 23510
                                       and
13                              TRAUB LIEBERMAN STRAUS
                                & SHREWSBERRY, LLP
14                              BY:  MR. JASON M. TAYLOR
                                303 West Madison Street
15                              Suite 1200
                                Chicago, Illinois 60606
16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | THE CLERK: 15 C 3230, In the Matter of Sopka. |
| 2 | MR. RUTKOWSKI: Good morning, your Honor, Anthony |
| 3 | Rutkowski on behalf of petitioners Axess Holding Company LLC |
| 4 | and the estate of Sopka. |
| 5 | MR. MINICHELLO: Good morning, your Honor, Dennis |
| 6 | Minichello on behalf of plaintiff Skyway Yachts. |
| 7 | MS. WILD: Hilary Wild for Sharon Haws, the |
| 8 | administrator of the estate of Ashley Haws. |
| 9 | MR. SCHLOM: Curt Schlom for SailTime. |
| 10 | MS. BRAMMEIER: Tracy Brammeier for the estate of |
| 11 | Megan Blenner. |
| 12 | MR. TAYLOR: Good morning, Jason Taylor for |
| 13 | petitioner Markel Insurance Company. |
| 14 | THE COURT: Who is that? |
| 15 | THE CLERK: Christopher Abel, one of the attorneys |
| 16 | for the intervenor. |
| 17 | MR. ABEL: Hello. |
| 18 | THE COURT: Is this Mr. Abel? |
| 19 | Okay. Mr. Abel, all the -- this is on In re: |
| 20 | Sopka. Our case number is 15 C 3230. All counsel here in |
| 21 | court have identified themselves, so I would appreciate it if |
| 22 | you would do the same for the record. |
| 23 | MR. ABEL: Yes, your Honor, this is Chris Abel |
| 24 | representing Markel American Insurance Company, your Honor. |
| 25 | THE COURT: Okay. The first thing that is on tap |

1  here is the Markel petition to intervene.  And I have a
2  question to ask in that regard, and that is what -- let's
3  assume that they intervene because they are doing that for
4  the purpose of going into the State Court system and to that
5  extent lifting the stay here to permit them to engage in what
6  amounts to a declaratory judgment action in terms of
7  coverage.  Right?
8          MR. ABEL:  Well, I might distinguish what we are
9  doing from a declaratory judgment action in that we are
10 merely seeking to exercise the interpleader right that is
11 written into the contract of insurance, your Honor.
12 Obviously to the extent any court were to determine that that
13 was somehow not a valid contract provision or otherwise
14 unenforceable, I suspect that could constitute something like
15 a declaratory judgment action.
16         THE COURT:  Well, but I -- let's not misunderstand.
17 I am not dealing with any kind of a ruling or a limitation on
18 what is talked about.  The question that I have is of the
19 present litigants, and that is, what, if anything, is that
20 going to do in connection with the regular progress of the
21 action over here which is basically, as all of us know, an
22 admiralty action?
23         So let me hear, if I may, from the other parties in
24 terms of whether there is any problem that is perceived on
25 the petition to intervene knowing what the purpose of the

1  intervention is.  Anybody?
2         MR. RUTKOWSKI:  Well, your Honor -- Anthony
3  Rutkowski again on behalf of the estate of Sopka and Axess
4  Holding.  I spoke with Mr. Abel after he filed the petition,
5  and we had reached an agreement to allow us 21 days to file a
6  response to his petition to intervene.  The scope of what Mr.
7  Abel and his carrier are trying to do is in effect relieve my
8  clients and SailTime of defense coverage in this case.  So
9  the interests of the estate and Axess Holding would be
10 significantly hampered because they would be without counsel
11 in the State proceeding -- I -- if Mr. Abel's claim for
12 interpleader were successful.
13        The -- I think there are a number of issues in
14 relation to the attempt to intervene here --
15        THE COURT:  Okay.
16        MR. RUTKOWSKI:  -- and the nature of the complaint
17 for interpleader that --
18        THE COURT:  You say you need three weeks?
19        MR. RUTKOWSKI:  Three weeks, your Honor.
20        THE COURT:  Anybody else want to be either
21 participating in that or joining in it?  Do you want the same
22 kind of timetable or are you going to be spectators, or what?
23        MR. MINICHELLO:  Your Honor, Dennis Minichello on
24 behalf of claimant Skyway Yacht.  I am not sure that we
25 really have a right or --

1  THE COURT: A dog in the hunt?
2  MR. MINICHELLO: -- to participate in it. But I
3  will wait and see what counsels files. I talked to counsel
4  ahead of time. And if we think --
5  THE COURT: Well, I don't want to --
6  MR. MINICHELLO: -- think we should join --
7  THE COURT: Wait, wait, wait.
8  MR. MINICHELLO: Okay.
9  THE COURT: I don't want to string this out
10 longitudinally.
11 MR. MINICHELLO: I am not suggesting that. We will
12 do it within the 21 days that you have given counsel.
13 THE COURT: Okay. All right. So you are basically
14 not staking out a position, but if you do file something, it
15 is also going to be within the 21 days, right?
16 THE COURT: Okay.
17 MR. SCHLOM: Your Honor, on behalf of SailTime to
18 the extent that we file something, we will do so in the 21
19 days.
20 MS. WILD: Same goes for the estate of Ashley Haws.
21 MS. BRAMMEIER: Yes, your Honor, same.
22 MR. TAYLOR: I am co-counsel with Mr. Abel.
23 THE COURT: Ah, okay.
24 All right. What I am going to do is to grant until
25 -- I guess that is May 3rd. Yeah, I will grant until May 3rd

1    to file a response or responses to the petition to intervene.
2    　　　　Now, I have abandoned the practice, which has never
3    made a lot of sense, of having automatic one-two-three
4    sequence.  Instead my practice is to set a status maybe in
5    the following week so that the movant, the proposed
6    intervenor, can see whether you have met head on, whether
7    there is something that from their perspective requires a
8    reply.
9    　　　　And so that said I could give you any of the --
10   　　　　MS. WILD:  Your Honor, I am sorry to interrupt, but
11   there already is a status date set for June 21st I believe.
12   　　　　THE COURT:  Yeah, but that is quite irrelevant to
13   this -- what we are talking about now.
14   　　　　MS. WILD:  Okay
15   　　　　THE COURT:  Really.  It was set out there for a
16   different purpose and with a different contemplation before
17   this --
18   　　　　MS. WILD:  Okay.  Sorry.
19   　　　　THE COURT:  -- occurred.  Okay?  I know about that.
20   　　　　So what I can do is to give you any of May 11th,
21   12th or 13 as a status date.  The purpose of that status date
22   is going to see whether a reply is or is not called for.
23   Either I may think that a reply is called for or the movant
24   may think so.  On the 11th it would have to be 9:15.  If it
25   were the 12th or the 13th, it would -- which are a Thursday

1  and Friday, it would be 9:00 o'clock.
2          So if everybody can tell me what is most convenient
3  or least inconvenient, I will --
4          MR. RUTKOWSKI:  May 11th, your Honor.
5          Anybody have an issue with May 11?
6          THE COURT:  Which day?
7          MR. RUTKOWSKI:  May 11th.
8          MR. MINICHELLO:  That is fine.
9          THE COURT:  Is that all right?
10         9:15 then on May 11 for status.
11         Okay.  Wait just a minute.  So the response is May
12 3rd.  And the status is May 11th at 9:15.
13         Okay.  Thank you all.
14         MR. RUTKOWSKI:  Thank you, your Honor.
15         MS. WILD:  Thanks, Judge.
16         MR. ABEL:  Thank you, your Honor.
17      (Which were all the proceedings heard.)
18                         CERTIFICATE
19     I certify that the foregoing is a correct transcript
20  from the record of proceedings in the above-entitled matter.
21
22  s/Rosemary Scarpelli/          Date:  April 12, 2016
23
24
25