IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of the Complaint of Tamara Sopka, Independent Administrator of the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC as Owners of a 2012 Rinker 310 Express motor vessel "AXESS", for Exoneration from or Limitation of Liability | ) ) ) ) ) ) ) ) ) | Civil No. 15-cv-03230<br><br>Judge Milton I. Shadur |

**PETITIONER TAMARA SOPKA'S AND RESPONDENT CREATIVE YACHT MANAGEMENT'S JOINT MOTION FOR ENLARGEMENT OF TIME**

Now Comes the Petitioner, TAMARA SOPKA, Independent Administrator of the Estate of Orest Sopka, Deceased and Axess Holding Company, LLC by her attorneys, Rutkowski Law Group P.C. and Respondent CREATIVE YACHT MANAGEMENT d/b/a SailTime Chicago (hereinafter CYM) by its attorneys Wilson, Elsner, Moskowitz, Edelman & Dicker LLP jointly move this honorable court pursuant to F.R.C.P. 6 for an enlargement of time in which to file their briefs in response to Markel American Insurance Company's Petition to Intervene and Motion to Modify this Court's Stay Order entered on May 26, 2015 (D. 8) up to and including May 13, 2016.

In support of its motion, the Petitioner, Tamara Sopka and Respondent, Creative Yacht Management state the following:

1. On April 4, 2016, the Intervenor, Markel American Insurance Company (herein after "MAIC") filed through its counsel a Petition for Leave to Intervene (D. 63) and its Motion to Modify this Court's Stay Order which was originally entered on May 26, 2015 (Petition and

Motion D. 63, Stay Order D. 8). It is undisputed that MAIC's action seeks to affect the rights of the Estate of Orest Sopka, Axess Holding Company LLC and Creative Yacht Management, who together share the benefits of the MAIC policy at issue.

2. On April 12, 2016, the Intervenor, MAIC appeared before this court for the initial presentation of its Petition to Intervene. Attorneys for all parties were present at this initial hearing. Counsel for the Estate of Sopka and Axess Holding Company LLC informed the court that because of the issues presented, he expected that his clients would file a brief in response to MAIC's Petition/Motion. Counsel for CYM indicated that she was in the process of consulting with CYM to determine how her client would proceed. Counsels also indicated to the court that the complex issues presented by their clients' own insurance carrier seeking to intervene and seeking the relief requested of this court presented significant and complex issues including possible conflicts of interest that needed to be discussed in depth with their respective clients before counsel could file responses on behalf of their clients to the pending petition by MAIC.

3. In conversation prior to the court's hearing, Counsel for MAIC and Counsel for the Estate of Sopka and Axess Holding Company LLC had spoken and agreed to a schedule for the filing of the response brief on behalf of the Estate of Sopka and Axess Holding Company LLC. By this agreement, the Estate and Axess Holding Company LLC would be afforded 21 days, up to and including May 3, 2016 in which to file their response briefs.

4. This court, and all counsel present were informed of the discussions between Counsel for the Estate of Sopka/Axess Holding Company LLC and Counsel for MAIC and accepted the schedule proposed by the parties for submitting response briefs to this court. By this court's order, all parties seeking to file response briefs to MAIC's Petition/Motion were

provided until May 3, 2016 to file their briefs. This court then scheduled a status hearing on May 11, 2016 at which the parties were to appear and Counsel for MAIC was to indicate to the court whether a reply brief in support of his client's petition was necessary, and if so to apprise the court regarding how much time he would need to file such a reply brief. (See D. 70).

5. The issues presented by MAIC's filing include the creation of possible conflicts of interest in the representation of the Estate of Sopka, Axess Holding Company LLC and Creative Yacht Management by their current attorneys. In addition, the action by MAIC required MAIC to also inform its insureds of the potential conflicts of interest that have arisen and to inform their insureds of their options to deal with these complex conflict issues. Such issues require resolution before any counsel, current or otherwise can formulate responses on behalf of the three insured parties (Estate of Sopka, Axess Holding Company LLC and CYM) to MAIC's Petition and Motion.

6. On Wednesday, April 27, 2016 MAIC sent correspondence its insureds advising the insureds of the existence of possible conflicts of interest and their options regarding how to resolve these possible conflicts of interest in representation.

7. Counsel for MAIC also communicated with the Attorneys for the Estate of Sopka, Axess Holding Company LLC and Creative Yacht Management on Wednesday, April 27, 2016 and provided these attorneys with correspondence issued by MAIC advising the represented insureds of the possible conflict of interest issues and their clients' options to deal with and resolve these issues. Counsel for MAIC also indicated in its correspondence that in light of the issues presented his client would have no objection to an extension of the deadline for all parties to respond to the pending petition and motion.

8. On Wednesday, April 27, 2016, Counsel for the Estate of Sopka and Axess Holding Company LLC spoke with counsel for MAIC, indicating that as a result of the complex issues presented, his clients required additional time in which to formulate their response to MAIC's pending Petition and Motion.

9. Counsel for MAIC agreed that in light of the complex issues presented additional time to respond was warranted and justified. The attorneys reached an agreement to propose to this court that the deadline to file briefs in response to MAIC's pending Petition and Motion be enlarged by a period of 10 days, from May 3, 2016 to May 13, 2016. Counsel for MAIC and Counsel for the Estate of Sopka and Axess Holding Company LLC propose that if this court were to grant the requested extension of time, that this court also reset the status hearing from May 11, 2016 to May 17th, May 18th or May 19, 2016.

10. Counsel for the Estate of Sopka and Axess Holding Company LLC has spoken with Counsel for Creative Yacht Management regarding these issues. Counsel for CYM has experienced the same complex issues presented to his client by MAIC's Petition and Motion. Counsel for Creative Yacht Management intends to file a brief in response to MAIC's Petition and Motion since MAIC's actions also would affect CYM's rights as a policy holder. Accordingly, Counsel for CYM formally joins in this motion and asks this court to enlarge the time provided to all parties to file their response briefs to MAIC's pending petition and motion from May 3, 2016 to May 13, 2016.

11. The parties agree that the requested extension of time is being presented in good faith, is not intended to cause and will not cause prejudice to the interests of any party. The movants assert that if this enlargement of time is not granted, they will suffer undue

prejudice and would not be provided with a sufficient opportunity to file the required response brief in an effort to protect their interests which are at issue.

Wherefore, the Petitioner, TAMARA SOPKA, Independent Administrator of the Estate of Orest Sopka, Deceased and Axess Holding Company, LLC and Respondent CREATIVE YACHT MANAGEMENT d/b/a SailTime Chicago request that this honorable court enter an order:

(a) Granting their Motion for Enlargement of Time and extending the deadline to file their briefs in response to MAIC's Petition to Intervene and Motion to Modify this Court's Stay Order from May 3, 2016 to May 13, 2016;

(b) Striking the Status Hearing scheduled for May 11, 2016 at 9:15 a.m. and scheduling a subsequent status hearing in this matter on either Tuesday, May 17, 2016, Wednesday, May 18, 2016 or Thursday, May 19, 2016 at a time convenient for this court, and,

(c) Any other relief that this court deems just and proper.

/s/Anthony R. Rutkowski
Attorney for Petitioners,
Estate of Orest Sopka and
Axess Holding Company LLC

/s/Curt J. Schlom
Attorney for Respondent,
Creative Yacht Management
d/b/a SailTime Chicago

Anthony R. Rutkowski
Rutkowski Law Group P.C.
321 N. Clark Street, 5th Floor
Chicago, Illinois 60654
(312)445-6390
(Fax)(312)-276-4579
ARR@RutkowskiLawGroup.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served this notice and the attached document by electronic means via CM/ECF to all attorneys of record for all parties on this 27th day of April, 2016.

      Rutkowski Law Group P.C.

      /s/Anthony R. Rutkowski
      Attorney for Petitioners
      Tamara Sopka, Independent
      Administrator of the Estate of Orest Sopka,
      Deceased and Axess Holding Company LLC as
      Owners of a 2012 Rinker 310 Express motor vessel
      "AXESS"