IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CIVIL NO. 15-CV-03230 (MIS)

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, Independent Administrator for the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC as Owners of a 2012 Rinker 310 Express motor vessel "AXESS" for Exoneration from or Limitation of Liability | Appeal From the United States District Court For the Northern District of Illinois Case No. 15-CV-03230 The Honorable Judge Milton I. Shadur |

**DOCKETING STATEMENT OF PETITIONER-APPELLANT
MARKEL AMERICAN INSURANCE COMPANY**

NOW COMES Markel American Insurance Company (hereinafter "MAIC"), Appellant and Petitioner for Intervention in the above named case, by counsel and pursuant to Circuit Rule 3(c), as and for its Docketing Statement, states as follows:

**INTRODUCTION AND BACKGROUND FACTS**

This appeal concerns the District Court's denial of Petitioner-Appellant MAIC's petition to intervene in the above-captioned case. That case is an action for exoneration from or limitation of liability, filed under 46 U.S.C. § 30511, by the owners of the 31' 2012 310 Rinker Express pleasure craft "AXESS", in response to claims arising out of her sinking with all aboard in Lake Michigan on May 31, 2014 (hereinafter, the "Limitation Action"). The vessel was owned by Axess Holding Co., LLC, which in turn was wholly owned by Orest Sopka. Mr. Sopka and two of his three passengers died, apparently as a result of the sinking. The estates of

the deceased passengers and the one survivor (hereinafter, the "Plaintiffs") filed separate suits against Creative Yacht Management, Inc. (d/b/a "Sailtime Chicago" and, hereinafter, "Sailtime") and the Estate of Orest Sopka (hereinafter, "Sopka's Estate") in Illinois state court (hereinafter, the "State Court Litigation"). In the suits naming it as defendant, Sailtime filed third-party complaints against Sopka's Estate, alleging that Mr. Sopka was solely responsible for any liability Sailtime has to the Plaintiffs. Axess Holdings and Sopka's Estate then filed the Limitation Action and the District Court entered an order staying all proceedings in the State Court Litigation.

MAIC filed its Petition to Intervene in the Limitation Action for the limited purpose of filing a Motion to Modify the Stay (D.N. 83). MAIC's purpose in requesting this modification was to interplead in state court the liability coverage limit afforded by its insurance policy covering Sailtime and the Sopka Estate. All of the parties filed briefs in opposition to MAIC's petition, but the Court did not afford MAIC an opportunity to reply to those briefs, either in writing or by means of oral argument. Instead, the District Court's Order of August 9, 2016 (D.N. 92), summarily denied both the Petition to Intervene and MAIC's attached Motion to Modify the Stay, basing much of its decision on the merits of the Interpleader Complaint MAIC intended to file in state court—something that MAIC did not place before the District Court and an issue that MAIC was not given the opportunity to address in the proceedings in the District Court. The District Court also based its denial of MAIC's Petition on procedural grounds that MAIC contends were erroneously applied in this instance.

Given the foregoing, MAIC seeks reversal of the District Court's August 9 Order or, in the alternative, a remand with instructions to allow MAIC to file briefs in response to those filed in opposition to its Petition.

2

I-1431293.1

No litigation in this matter arises out of a criminal conviction and none has been designated as satisfying the criteria of 28 U.S.C. § 1915(g). None of the parties to the litigation appears in an official capacity.

## JURISDICTIONAL STATEMENT

**I.     The District Court has subject matter jurisdiction over the Limitation Action.**

The Limitation Action was filed in admiralty, concerning injuries allegedly occurring aboard a vessel in navigation in the navigable waters of the United States. The District Court has jurisdiction over the Limitation Action pursuant to 28 U.S.C. § 1333 and 46 U.S.C. §§ 305011.

**II.    This Court has jurisdiction over MAIC's appeal.**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, insomuch as the District Court's Order was a final order with respect to MAIC. *See Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945 (7th Cir. 2000) (denial of motion to intervene is a final order appealable under § 1291). This Court also has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292, insomuch as the District Court's August 9 Order also was a refusal to modify the stay. The order appealed from was issued on August 9, 2016. There was no motion for reconsideration. MAIC is filing its Notice of Appeal concurrently with this Docketing Statement, on September 7, 2016.

Respectfully submitted,

By:  /s/ James M. Eastham
James M. Eastham (6224853)
jeastham@traublieberman.com
Mark F. Wolfe (6186298)
mwolfe@traublieberman.com
Jason M. Taylor (6293925)
jtaylor@traublieberman.com
TRAUB LIEBERMAN

STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60603
312.332.3900
312.332.3908 (fax)

Case: 1:15-cv-03230 Document #: 94 Filed: 09/07/16 Page 4 of 6 PageID #:686

I-1431293.1

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 7, 2016, he electronically filed the foregoing **DOCKETING STATEMENT** on behalf of Markel American Insurance Company, with the Clerk of the U.S. District Court for the Northern District of Illinois, via its CM/ECF system, which will send electronic notification to all counsel of record, who have consented to accept service by electronic means, as follows:

| **Attorneys for Plaintiff Tamara Sopka & Axess Holding Company, LLC** | **Attorneys for Claimant, Sharon Haws** |
|---|---|
| James E. Mercante (*Pro Hac Vice*) | Timothy Joseph Mahoney |
| Rubin, Fiorella & Friedman LLP | David F. Rolewick |
| 630 Third Avenue | Hilary E. Wild |
| New York, NY 10017 | Rolewick & Gutzke, P.C. |
| (212) 953-2381 | 1776 South Naperville Road |
| Email: jmercante@rubinfiorella.com | Suite 105 – Building A |
|  | Wheaton, IL 60187 |
| Anthony Raymond Rutkowski | (630) 665-9400 |
| Rutkowski Law Group P.C. | Email: timothym@rglawfirm.com |
| 321 N. Clark Street | davidr@rglawfirm.com |
| 5th Floor | hilaryw@rglawfirm.com |
| Chicago, IL 60654 |  |
| 312-445-6390 | **Attorneys for Claimant, Creative Yacht Management, Inc. d/b/a SailTime Chicago** |
| Fax: 312-276-4579 | Corrine L. Conrad |
| Email: arr@rutkowskilawgroup.com | Curt Justin Schlom |
|  | Wilson Elser Moskowitz Edelman & Dicker LLP |
| **Attorneys for Claimant, Skyway Yacht Works, LLC** | 55 West Monroe Street |
| Dennis Minichello | Suite 3800 |
| Michael David Reed | Chicago, IL 60603 |
| Marwedel, Minishello & Reeb, P.C. | 312 704 0550 |
| 303 W. Madison St. | Fax: 312 704 1522 |
| Suite 1100 | Email: corrine.conrad@wilsonelser.com |
| Chicago, IL 60606 | Curt.Schlom@wilsonelser.com |
| (312) 445-5312 |  |
| Email: dminichello@mmr-law.com | Patrick A. Fleming |
| mreed@mmr-law.com | Joshua Edward Liebman |
|  | Yvette V. Mishev , Mishe |
| **Attorneys for Claimant, Shai Wolkowicki** | Novack & Macey LLP |
| Kenneth A. Hoffman | 100 North Riverside Plaza |
| Mitchell, Hoffman & Wolf, LLC | Chicago, IL 60606 |
| 221 North LaSalle Street | (312) 419-6900 |
| Suite 1148 | Email: andrewf@novackandmacey.com |
| Chicago, IL 60601 | JLiebman@novackmacey.com |
| (312) 726-6722 | YMishev@novackmacey.com |
| Email: khoffman@mitchellhoffmanwolf.com |  |

I-1431293.1

|  | **Attorneys for Claimant, Peggy M. Blenner** |
|---|---|
|  | Kevin P. Durkin |
|  | Sean Patrick Driscoll |
|  | Tracy A. Brammeier |
|  | Cliffort Law Offices, P.C. |
|  | 120 North LaSalle Street |
|  | 31st Street |
|  | Chicago, IL 60602 |
|  | (312) 899-9090 |
|  | Email: kpd@cliffordlaw.com |
|  | spd@cliffordlaw.com |
|  | tab@cliffordlaw.com |

/s/ James M. Eastham
James M. Eastham

I-1431293.1