**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**CIVIL NO. 15-CV-03230 (MIS)**

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, Independent Administrator for the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC as Owners of a 2012 Rinker 310 Express motor vessel "AXESS" for Exoneration from or Limitation of Liability | Notice Of Appeal |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Markel American Insurance Company, petitioner for intervention in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Order of this Court dismissing MAIC's Petition for Intervention in this case (Court Document No. 92), entered in this action on the 9th day of August, 2016.

Respectfully submitted,

By: /s/ James M. Eastham

James M. Eastham (6224853)
jeastham@traublieberman.com
Mark F. Wolfe (6186298)
mwolfe@traublieberman.com
Jason M. Taylor (6293925)
jtaylor@traublieberman.com
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60603
312.332.3900
312.332.3908 (fax)

I-1431280.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on September 7, 2016, he electronically filed the foregoing **NOTICE OF APPEAL** on behalf of Markel American Insurance Company, with the Clerk of the U.S. District Court for the Northern District of Illinois, via its CM/ECF system, which will send electronic notification to all counsel of record, who have consented to accept service by electronic means, as follows:

**Attorneys for Plaintiff Tamara Sopka & Axess Holding Company, LLC**
James E. Mercante (*Pro Hac Vice*)
Rubin, Fiorella & Friedman LLP
630 Third Avenue
New York, NY 10017
(212) 953-2381
Email: jmercante@rubinfiorella.com

Anthony Raymond Rutkowski
Rutkowski Law Group P.C.
321 N. Clark Street
5th Floor
Chicago, IL 60654
312-445-6390
Fax: 312-276-4579
Email: arr@rutkowskilawgroup.com

**Attorneys for Claimant, Skyway Yacht Works, LLC**
Dennis Minichello
Michael David Reed
Marwedel, Minishello & Reeb, P.C.
303 W. Madison St.
Suite 1100
Chicago, IL 60606
(312) 445-5312
Email: dminichello@mmr-law.com
mreed@mmr-law.com

**Attorneys for Claimant, Shai Wolkowicki**
Kenneth A. Hoffman
Mitchell, Hoffman & Wolf, LLC
221 North LaSalle Street
Suite 1148
Chicago, IL 60601
(312) 726-6722
Email: khoffman@mitchellhoffmanwolf.com

**Attorneys for Claimant, Sharon Haws**
Timothy Joseph Mahoney
David F. Rolewick
Hilary E. Wild
Rolewick & Gutzke, P.C.
1776 South Naperville Road
Suite 105 – Building A
Wheaton, IL 60187
(630) 665-9400
Email: timothym@rglawfirm.com
davidr@rglawfirm.com
hilaryw@rglawfirm.com

**Attorneys for Claimant, Creative Yacht Management, Inc. d/b/a SailTime Chicago**
Corrine L. Conrad
Curt Justin Schlom
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street
Suite 3800
Chicago, IL 60603
312 704 0550
Fax: 312 704 1522
Email: corrine.conrad@wilsonelser.com
Curt.Schlom@wilsonelser.com

Patrick A. Fleming
Joshua Edward Liebman
Yvette V. Mishev , Mishe
Novack & Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Email: andrewf@novackandmacey.com
JLiebman@novackmacey.com
YMishev@novackmacey.com

|  | **Attorneys for Claimant, Peggy M. Blenner** |
|  | Kevin P. Durkin |
|  | Sean Patrick Driscoll |
|  | Tracy A. Brammeier |
|  | Cliffort Law Offices, P.C. |
|  | 120 North LaSalle Street |
|  | 31st Street |
|  | Chicago, IL 60602 |
|  | (312) 899-9090 |
|  | Email: kpd@cliffordlaw.com |
|  | spd@cliffordlaw.com |
|  | tab@cliffordlaw.com |

/s/ James M. Eastham
James M. Eastham

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**CIVIL NO. 15-CV-03230 (MIS)**

| | |
|---|---|
| In the Matter of the Complaint of Tamara Sopka, Independent Administrator for the Estate of Orest Sopka, Deceased, and Axess Holding Company, LLC as Owners of a 2012 Rinker 310 Express motor vessel "AXESS" for Exoneration from or Limitation of Liability | Appeal From the United States District Court For the Northern District of Illinois Case No. 15-CV-03230 The Honorable Judge Milton I. Shadur |

**DOCKETING STATEMENT OF PETITIONER-APPELLANT
MARKEL AMERICAN INSURANCE COMPANY**

NOW COMES Markel American Insurance Company (hereinafter "MAIC"), Appellant and Petitioner for Intervention in the above named case, by counsel and pursuant to Circuit Rule 3(c), as and for its Docketing Statement, states as follows:

**INTRODUCTION AND BACKGROUND FACTS**

This appeal concerns the District Court's denial of Petitioner-Appellant MAIC's petition to intervene in the above-captioned case. That case is an action for exoneration from or limitation of liability, filed under 46 U.S.C. § 30511, by the owners of the 31' 2012 310 Rinker Express pleasure craft "AXESS", in response to claims arising out of her sinking with all aboard in Lake Michigan on May 31, 2014 (hereinafter, the "Limitation Action"). The vessel was owned by Axess Holding Co., LLC, which in turn was wholly owned by Orest Sopka. Mr. Sopka and two of his three passengers died, apparently as a result of the sinking. The estates of

the deceased passengers and the one survivor (hereinafter, the "Plaintiffs") filed separate suits against Creative Yacht Management, Inc. (d/b/a "Sailtime Chicago" and, hereinafter, "Sailtime") and the Estate of Orest Sopka (hereinafter, "Sopka's Estate") in Illinois state court (hereinafter, the "State Court Litigation"). In the suits naming it as defendant, Sailtime filed third-party complaints against Sopka's Estate, alleging that Mr. Sopka was solely responsible for any liability Sailtime has to the Plaintiffs. Axess Holdings and Sopka's Estate then filed the Limitation Action and the District Court entered an order staying all proceedings in the State Court Litigation.

MAIC filed its Petition to Intervene in the Limitation Action for the limited purpose of filing a Motion to Modify the Stay (D.N. 83). MAIC's purpose in requesting this modification was to interplead in state court the liability coverage limit afforded by its insurance policy covering Sailtime and the Sopka Estate. All of the parties filed briefs in opposition to MAIC's petition, but the Court did not afford MAIC an opportunity to reply to those briefs, either in writing or by means of oral argument. Instead, the District Court's Order of August 9, 2016 (D.N. 92), summarily denied both the Petition to Intervene and MAIC's attached Motion to Modify the Stay, basing much of its decision on the merits of the Interpleader Complaint MAIC intended to file in state court—something that MAIC did not place before the District Court and an issue that MAIC was not given the opportunity to address in the proceedings in the District Court. The District Court also based its denial of MAIC's Petition on procedural grounds that MAIC contends were erroneously applied in this instance.

Given the foregoing, MAIC seeks reversal of the District Court's August 9 Order or, in the alternative, a remand with instructions to allow MAIC to file briefs in response to those filed in opposition to its Petition.

I-1431293.1

No litigation in this matter arises out of a criminal conviction and none has been designated as satisfying the criteria of 28 U.S.C. § 1915(g). None of the parties to the litigation appears in an official capacity.

## JURISDICTIONAL STATEMENT

### I.    The District Court has subject matter jurisdiction over the Limitation Action.

The Limitation Action was filed in admiralty, concerning injuries allegedly occurring aboard a vessel in navigation in the navigable waters of the United States. The District Court has jurisdiction over the Limitation Action pursuant to 28 U.S.C. § 1333 and 46 U.S.C. §§ 305011.

### II.    This Court has jurisdiction over MAIC's appeal.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, insomuch as the District Court's Order was a final order with respect to MAIC. *See Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945 (7th Cir. 2000) (denial of motion to intervene is a final order appealable under § 1291). This Court also has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292, insomuch as the District Court's August 9 Order also was a refusal to modify the stay. The order appealed from was issued on August 9, 2016. There was no motion for reconsideration. MAIC is filing its Notice of Appeal concurrently with this Docketing Statement, on September 7, 2016.

Respectfully submitted,

By:  /s/ James M. Eastham
     James M. Eastham (6224853)
     jeastham@traublieberman.com
     Mark F. Wolfe (6186298)
     mwolfe@traublieberman.com
     Jason M. Taylor (6293925)
     jtaylor@traublieberman.com
     TRAUB LIEBERMAN

I-1431293.1

STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60603
312.332.3900
312.332.3908 (fax)

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on September 7, 2016, he electronically filed the foregoing **DOCKETING STATEMENT** on behalf of Markel American Insurance Company, with the Clerk of the U.S. District Court for the Northern District of Illinois, via its CM/ECF system, which will send electronic notification to all counsel of record, who have consented to accept service by electronic means, as follows:

| | |
|---|---|
| **Attorneys for Plaintiff Tamara Sopka & Axess Holding Company, LLC** | **Attorneys for Claimant, Sharon Haws** |
| James E. Mercante (*Pro Hac Vice*) | Timothy Joseph Mahoney |
| Rubin, Fiorella & Friedman LLP | David F. Rolewick |
| 630 Third Avenue | Hilary E. Wild |
| New York, NY 10017 | Rolewick & Gutzke, P.C. |
| (212) 953-2381 | 1776 South Naperville Road |
| Email: jmercante@rubinfiorella.com | Suite 105 – Building A |
| | Wheaton, IL 60187 |
| | (630) 665-9400 |
| Anthony Raymond Rutkowski | Email: timothym@rglawfirm.com |
| Rutkowski Law Group P.C. | davidr@rglawfirm.com |
| 321 N. Clark Street | hilaryw@rglawfirm.com |
| 5th Floor | |
| Chicago, IL 60654 | **Attorneys for Claimant, Creative Yacht** |
| 312-445-6390 | **Management, Inc. d/b/a SailTime Chicago** |
| Fax: 312-276-4579 | Corrine L. Conrad |
| Email: arr@rutkowskilawgroup.com | Curt Justin Schlom |
| | Wilson Elser Moskowitz Edelman & Dicker |
| | LLP |
| **Attorneys for Claimant, Skyway Yacht** | 55 West Monroe Street |
| **Works, LLC** | Suite 3800 |
| Dennis Minichello | Chicago, IL 60603 |
| Michael David Reed | 312 704 0550 |
| Marwedel, Minishello & Reeb, P.C. | Fax: 312 704 1522 |
| 303 W. Madison St. | Email: corrine.conrad@wilsonelser.com |
| Suite 1100 | Curt.Schlom@wilsonelser.com |
| Chicago, IL 60606 | |
| (312) 445-5312 | |
| Email: dminichello@mmr-law.com | Patrick A. Fleming |
| mreed@mmr-law.com | Joshua Edward Liebman |
| | Yvette V. Mishev , Mishe |
| | Novack & Macey LLP |
| **Attorneys for Claimant, Shai Wolkowicki** | 100 North Riverside Plaza |
| Kenneth A. Hoffman | Chicago, IL 60606 |
| Mitchell, Hoffman & Wolf, LLC | (312) 419-6900 |
| 221 North LaSalle Street | Email: andrewf@novackandmacey.com |
| Suite 1148 | JLiebman@novackmacey.com |
| Chicago, IL 60601 | YMishev@novackmacey.com |
| (312) 726-6722 | |
| Email: khoffman@mitchellhoffmanwolf.com | |

5

|  | **Attorneys for Claimant, Peggy M. Blenner** |
|  | Kevin P. Durkin |
|  | Sean Patrick Driscoll |
|  | Tracy A. Brammeier |
|  | Cliffort Law Offices, P.C. |
|  | 120 North LaSalle Street |
|  | 31st Street |
|  | Chicago, IL 60602 |
|  | (312) 899-9090 |
|  | Email: kpd@cliffordlaw.com |
|  | spd@cliffordlaw.com |
|  | tab@cliffordlaw.com |

/s/ James M. Eastham
James M. Eastham

I-1431293.1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1
### Eastern Division

Tamara Sopka, et al.

Plaintiff,

v.

Case No.: 1:15–cv–03230
Honorable Milton I. Shadur

Skyway Yacht Works LLC

Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 9, 2016:

MINUTE entry before the Honorable Milton I. Shadur: Status hearing held on 8/9/2016 and continued to 10/27/2016 at 09:00 AM. Markel American Insurance Company's motion to intervene [83] is denied. (For further details see Memorandum Opinion and Order)Mailed notice(clw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In the Matter of the Complaint of Tamara Sopka,   )
Independent Administrator of the Estate of       )
Orest Sopka, Deceased, and Axess Holding     )    Case No. 15 C 3230
Company, LLC as Owners of a 2012 Rinker     )
310 Express motor vessel "AXESS", for         )
Exoneration from or Limitation of Liability     )

## <u>MEMORANDUM OPINION AND ORDER</u>

Markel American Insurance Company ("Markel") has motioned to intervene in this action

pursuant to Fed. R. Civ. P. ("Rule") 24(b). For the several reasons articulated in this opinion,

Markel's petition must be and is denied.[1]

### <u>Background</u>

In April 2015 co-plaintiffs Tamara Sopka, Independent Administrator of the Estate of

decedent Orest Sopka ("Sopka"), and Axess Holding Company, LLC ("Axess Holding") filed

this action seeking exoneration from or limitation of liability under the auspices of the Limitation

of Vessel Owner's Liability Act (the "Act," more specifically 46 U.S.C. § 30511 ("Section

30511")). That action focuses on the May 31, 2014 sinking on Lake Michigan of the motor

vessel "AXESS," resulting in the tragic death of all but one of the persons aboard: Sopka

himself, Megan Blenner and Ashley Haws. Shai Wolkowicki ("Wolkowicki") was the sole

survivor.

---

[1] Because Rule 24(b) speaks in terms of "motion" rather than "petition," and because the two terms have synonymous meaning in the present context, from here on out this opinion will employ the Rule 24(b) term "motion."

Following that tragedy, each of the decedents' estates as well as Wolkowicki filed lawsuits in the Circuit Court of Cook County against Creative Yacht Management, Inc. d/b/a SailTime Chicago ("SailTime") -- a fractional boat-sharing company. In all of those lawsuits Axess Holding is named as a third-party defendant, while Sopka is so named in three of them. But in May 2015 this Court put them those cases on the back burner through its entry of an order (Dkt. No. 8) that restrained and enjoined all claims and proceedings stemming from the accident. That order was later modified on December 7 of that year.

At the time of the accident Sopka, SailTime and Axess Holding (collectively the "Insureds") were insured under Markel Helmsman Yacht Policy No. MHY00000187921 (the "Policy"). Markel asserts that under the Policy its tendering of the policy limit to the state court will relieve it of its obligation to defend the Insureds. But before Markel is able to file an interpleader and proffer such a tender, it must first intervene in this action and obtain relief from this Court's stay. This opinion now turns to the merits of (or as analysis will disclose, the lack of merit in) that attempted intervention.

### Permissive Intervention Under Rule 24(b)

Markel seeks to intervene under the permissive intervention provision embodied in Rule 24(b), which reads in relevant part:

> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
>> (A) is given a conditional right to intervene by a federal statute; or
>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> * * *
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

- 2 -

And Rule 24(c) prescribes what is needed to tee up such a motion for decision:

> A motion to intervene must be served on the parties as provided in Rule 5.  The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

As will be seen, Markel's failure to comply with multiple requirements of those provisions dooms its motion.

First and most obviously, Markel has failed to accompany its motion with a proposed pleading as unambiguously required by Rule 24(c).  While Markel has attached a proposed <u>motion</u>, that will not cut it for purposes of compliance with Rule 24(c), for its motion does not "set[ ] out the claim or defense for which intervention is sought" as that rule mandates.

But Markel's motion is not only procedurally defective but is also untimely.  As explained in <u>Heartwood, Inc. v. U.S. Forest Serv., Inc.</u>, 316 F.3d 694, 701 (7th Cir. 2003) (with internal citations and quotation marks omitted):

> A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation.[2]  In determining whether a motion to intervene is timely, we consider four factors: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances.

Here this action has been pending since April 2015, and all of the Insureds have been parties from the get-go.[3]  Markel has offered no justification for its 14-month delay in filing its present motion, and such untimeliness alone is an adequate ground for denial of the motion (see, e.g.,

---

[2]  [Footnote by this Court]  In addition to its other failures that this opinion goes on to describe, Markel has failed to demonstrate why the outcome of this litigation would adversely affect its interests -- at least its legitimate interests.

[3]  And in fact the first state court action -- brought by Wolkowicki -- was filed in July 2014.

<u>Southmark Corp. v. Cagan</u>, 950 F.2d 416, 418 (7th Cir. 1991), holding that intervention 15 months after commencement of suit was untimely).

As if that were not reason enough to deny Markel's motion, it also flunks Rule 24's requirement that its claims and defenses (or at least, given Markel's failure to attach a pleading, its presumed claims and defenses) share a common question of law or fact with the principal action. At issue in this lawsuit is whether Sopka and Axess Holding are entitled to limit their liability under the Act. Whether Markel is obligated to defend the Insureds in the underlying state court actions is a distinct issue, rooted largely in the interpretation of the Policy's coverage terms. So the lack of legal or factual commonality between Markel's would-be claim and that of the current parties is another nail in the analytical coffin that inters Markel's motion.

Although what has been said to this point would readily suffice to call for the dismissal of Markel's effort to shoehorn itself into this case, what is the final nail -- and really the most substantively significant one -- that closes the coffin on that effort is the fact that Markel's underlying attempt to terminate its defense of the Insureds in the state court actions collides head-on with Illinois law and its own Policy. As summarized succinctly in <u>Am. Serv. Ins. Co. v. China Ocean Shipping Co. (Am.) Inc.</u>, 402 Ill. App. 3d 513, 525, 932 N.E.2d 8, 20(1st Dist. 2010), citing and quoting extensively from a number of other cases, including an Illinois Supreme Court opinion that so held:

> Illinois cases have consistently held that an insurer cannot discharge its duty to defend by simply depositing policy limits with the court.

And that principle is directly called into play by the specific terms of Markel's Policy as to its coverage, which state in relevant part:

> We will cover damages for bodily injury or property damage for which an insured becomes legally liable through ownership, maintenance, or use of the insured

- 4 -

yacht, or through a non-owned yacht being operated by you with the owner's permission

                                        *      *      *

Our duty to defend any claim or suit ends when the amount we pay, or tender to the Court of Jurisdiction for any pending litigation on your behalf, for damages resulting from the occurrence equals the limit for 'Protection and Indemnity' shown on the Declaration Page.

If a suit is brought against you for claims falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to such action; however, we will not have any obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

Look particularly at those last two quoted provisions. Under the first of them, Markel's duty to defend the Insureds in the underlying actions ends only when it pays or tenders funds up to its policy limits to cover the Insureds' adjudicated liability for damages. But until that happens, the first quoted paragraph unequivocally obligates Markel to continue to provide a defense in those underlying actions -- a duty that to this Court's knowledge is present in all such policies, reflecting the universal proposition that an insurer's continuing duty to defend is independent of, and often broader than, its duty to indemnify.

In sum, Markel's avowed purpose in seeking intervention -- a purpose expressly stated in its draft of the Complaint for Interpleader that it proposes to file in the Circuit Court if its present motion before this Court were to be granted -- is to attempt to weasel out of its duty to defend that _it_ inserted into _its_ Policy, for which it has collected the insurance premiums that _it_ set, by tendering its $1 million limit in damages coverage to the Circuit Court.[4] That attempt flouts the

---

[4] That draft Complaint is Ex. A to the Sopka-Axess response to Markel's motion before this Court and is Dkt. No. 89-1 in this case. Here are Paragraphs 21 and 22 of that Complaint:

(continued)

universal teaching of the caselaw as well as Markel's own contractual commitment -- and to return to the standard articulated in Rule 24(b)(3), it is difficult to conceive any motion to intervene that would generate more undue delay and create greater undue "prejudice [to] the adjudication of the original parties' rights" than allowing Markel to escape from its ongoing duty to defend those parties' interest in the underlying actions.

### Conclusion

For the reasons stated in this opinion, Markel's motion is denied.[5]  This action will proceed on its regular course without the disruptive digression that Markel's addition to the fray and its effort to get out of its duty to defend would have created.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 9, 2016

_____

(footnote continued)

> 21.    MAIC hereby tenders into the registry of this Court the Sum of $1,000,000.  MAIC is a disinterested stakeholder as to this amount.
>
> 22.    In tendering this sum, MAIC is exercising its contractual right under the Policy to terminate its duty to defend the Defendants, effective upon the Court's acceptance of the tendered sum.

To be blunt, that Paragraph 22 reference to "its contractual right" is a flat-out falsehood, as the discussion here has demonstrated.

   [5] As to the merit or lack of merit of Markel's accompanying proposed motion to modify this Court's stay, that issue has been rendered moot by the opinion issued here, and that aspect of Markel's motion is therefore denied on mootness grounds.

- 6 -

APPEAL,COX

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:15-cv-03230
## Internal Use Only

In re: Sopka et al

Assigned to: Honorable Milton I. Shadur

Cause: 28:1331 Federal Question

Date Filed: 04/10/2015

Jury Demand: Defendant

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

**Plaintiff**

**Tamara Sopka**
*estate of*
Orest Sopka

represented by **James E. Mercante**
Rubin, Fiorella & Friedman Llp
630 Third Avenue
New York, NY 10017
(212) 953-2381
Email: jmercante@rubinfiorella.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony Raymond Rutkowski**
Rutkowski Law Group P.C.
321 N. Clark Street
5th Floor
Chicago, IL 60654
312-445-6390
Fax: 312-276-4579
Email: arr@rutkowskilawgroup.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Axess Holding Company LLC**
*as Owners of a 2012 Rinker 310 Express motor vessel "AXESS", for Exoneration from or Limitation of Liability*

represented by **James E. Mercante**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony Raymond Rutkowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Skyway Yacht Works LLC**

represented by **Dennis Minichello**
Marwedel, Minichello & Reeb, P.C.
303 W. Madison St.,

Suite 1100
Chicago, IL 60606
(312) 445-5312
Email: dminichello@mmr-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael David Reed**
Marwedel, Minichello & Reeb, P.c.
303 W. Madison St.
Suite 1100
Chicago, IL 60606
(312) 445-5340
Email: mreed@mmr-law.com
*ATTORNEY TO BE NOTICED*

<u>**Claimant**</u>

**Sharon Haws**                          represented by **Timothy Joseph Mahoney**
Attorney at Law
1776 South Naperville Road
Suite 105 - Building A
Wheaton, IL 60187
(630) 665-9400
Email: Timothym@rglawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David F. Rolewick**
Rolewick & Gutzke, P.C.
1776A South Naperville Road
Suite 104-A
Wheaton, IL 60189
(630) 653-1577
Email: davidr@rglawfirm.com
*ATTORNEY TO BE NOTICED*

**Hilary E Wild**
Rolewick & Gutzke, P.C.
1776 S. Naperville Road
Suite 104A
Wheaton, IL 60189
(630) 653-1579
Email: hilaryw@rglawfirm.com
*ATTORNEY TO BE NOTICED*

<u>**Claimant**</u>

**Creative Yacht Management, Inc.**      represented by **Corinne L. Conrad**
**d/b/a SailTime Chicago**               Wilson Elser Moskowitz Edelman &

Dicker LLP
55 West Monroe Street
Suite 3800
Chicago, IL 60603
312 704 0550
Fax: 312 704 1522
Email:
corinne.conrad@wilsonelser.com
*TERMINATED: 06/02/2016*
*LEAD ATTORNEY*

**Curt Justin Schlom**
Wilson, Elser, Moskowitz, Edelman &
Dicker
55 West Monroe Street
Suite 3800
Chicago, IL 60603
(312) 704-0550
Email: Curt.Schlom@wilsonelser.com
*TERMINATED: 06/02/2016*
*LEAD ATTORNEY*

**Patrick A. Fleming**
Novack & Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Email: andrewf@novackandmacey.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Edward Liebman**
Novack and Macey, LLP
100 North Riverside Plaza
Suite 1500
Chicago, IL 60606
(312) 419-6900
Email: JLiebman@novackmacey.com
*ATTORNEY TO BE NOTICED*

**Yvette V. Mishev , Mishe**
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606-1501
(312) 419-6900
Email: YMishev@novackmacey.com
*ATTORNEY TO BE NOTICED*

**Claimant**

**Peggy M. Blenner**                represented by  **Kevin P. Durkin**
*administrator*                                      Clifford Law Offices, P.C.
Megan Blenner                                  120 North LaSalle Street
31st Floor
Chicago, IL 60602
(312) 899-9090
Email: kpd@cliffordlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Patrick Driscoll**
Clifford Law Offices
120 N. LaSalle Street
Suite 3100
Chicago, IL 60602
(312) 899-9090
Fax: (312) 251-1160
Email: spd@cliffordlaw.com
*ATTORNEY TO BE NOTICED*

**Tracy A Brammeier**
Clifford Law Offices, P.C.
120 N. Lasalle St., Suite #3100
Chicago, IL 60602
(312) 899-9090
Email: tab@cliffordlaw.com
*ATTORNEY TO BE NOTICED*

**Claimant**

**Shai Wolkowicki**                represented by  **Kenneth A. Hoffman**
Mitchell, Hoffman & Wolf, LLC
221 North LaSalle Street
Suite 1148
Chicago, IL 60601
312-726-6722
Email:
khoffman@mitchellhoffmanwolf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Markel American Insurance**      represented by  **Christopher Alan Abel**
**Company**                                    Willcox & Savage, P.C.
440 Monticello Avenue
Suite 2200
Norfolk, VA 23510
(757) 628-5547

Fax: (757) 333-3547
Email: cabel@wilsav.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Michael Eastham**
Traub Lieberman Straus & Shrewsberry

303 West Madison Street
#1200
Chicago, IL 60606
(312) 332-3900
Fax: (312) 332-3908
Email: jeastham@traublieberman.com
*ATTORNEY TO BE NOTICED*

**Jason Michael Taylor**
Traub Lieberman Straus &
Shrewsberry, Llp
303 W. Madison St.
Suite 1200
Chicago, IL 60606
(312) 504-5506
Email: jtaylor@traublieberman.com
*ATTORNEY TO BE NOTICED*

**Mark F. Wolfe**
Traub Lieberman Straus & Shrewsberry

303 West Madison Street
Suite 1200
Chicago, IL 60606
(312) 332-3900
Fax: (312) 332-3908
Email: mwolfe@traublieberman.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2015 | 1 | COMPLAINT filed by Tamara Sopka, Axess Holding Company LLC; Filing fee $ 400, receipt number 0752-10536419. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Rutkowski, Anthony) (Entered: 04/13/2015) |
| 04/13/2015 | 2 | CIVIL Cover Sheet (Rutkowski, Anthony) (Entered: 04/13/2015) |
| 04/14/2015 | | CASE ASSIGNED to the Honorable Milton I. Shadur. Designated as Magistrate Judge the Honorable Susan Cox. (daj, ) (Entered: |

| | | 04/14/2015) |
|---|---|---|
| 04/14/2015 | 3 | AMENDED complaint by Tamara Sopka, Axess Holding Company LLC against NONE/NULL (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Rutkowski, Anthony) (Entered: 04/14/2015) |
| 04/14/2015 | 4 | ATTORNEY Appearance for Plaintiffs Axess Holding Company LLC, Tamara Sopka by Anthony Raymond Rutkowski (Rutkowski, Anthony) (Entered: 04/14/2015) |
| 04/24/2015 | 5 | MINUTE entry before the Honorable Milton I. Shadur: Status hearing set for 4/30/2015 at 09:15 AM.Mailed notice (clw, ) (Entered: 04/24/2015) |
| 04/30/2015 | 6 | MINUTE entry before the Honorable Milton I. Shadur:Status hearing held on 4/30/2015.Mailed notice (clw, ) (Entered: 04/30/2015) |
| 05/26/2015 | 7 | ORDER: Enter Order Approving Ad Interim Stipulation for Value, Directing Issuance of Notice, and Restraining Suits. The Clerk is directed to issue the Notice of Filing of Complaint Seeking Exoneration from or Limitation of Liability. Said notice is to be made part of the court record. Status hearing set for 8/20/2015 at 9:00 a.m. Signed by the Honorable Milton I. Shadur on 5/26/2015. Mailed notice (ph, ) (Entered: 05/26/2015) |
| 05/26/2015 | 8 | ORDER Approving Ad Interim Stipulation For Value, Directing Issuance Of Notice, And Restraining Suit Signed by the Honorable Milton I. Shadur on this the 26 day of May, 2015. Mailed notice(ph, ) (Entered: 05/26/2015) |
| 05/26/2015 | 9 | ISSUED Notice of Filing of Complaint Seeking Exoneration from or Limitation of Liability. (ph, ) (Entered: 05/26/2015) |
| 08/06/2015 | 10 | ATTORNEY Appearance for Claimant Skyway Yacht Works LLC by Dennis Minichello (Minichello, Dennis) (Entered: 08/06/2015) |
| 08/06/2015 | 11 | CLAIM by Skyway Yacht Works LLC regarding amended complaint 3 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Minichello, Dennis) (Entered: 08/06/2015) |
| 08/06/2015 | 12 | ANSWER to amended complaint by Skyway Yacht Works LLC (Minichello, Dennis) (Entered: 08/06/2015) |
| 08/06/2015 | 13 | ATTORNEY Appearance for Movant Sharon Haws by Timothy Joseph Mahoney (Mahoney, Timothy) (Entered: 08/06/2015) |
| 08/06/2015 | 14 | ATTORNEY Appearance for Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago by Corinne L. Conrad (Conrad, Corinne) (Entered: 08/06/2015) |
| 08/06/2015 | 15 | ATTORNEY Appearance for Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago by Curt Justin Schlom (Schlom, Curt) |

| | | (Entered: 08/06/2015) |
|---|---|---|
| 08/06/2015 | 16 | ATTORNEY Appearance for Movant Sharon Haws by Hilary E Wild (Wild, Hilary) (Entered: 08/06/2015) |
| 08/06/2015 | 17 | ATTORNEY Appearance for Claimant Peggy M. Blenner by Tracy A Gibbons (Gibbons, Tracy) (Entered: 08/06/2015) |
| 08/06/2015 | 18 | ATTORNEY Appearance for Claimant Peggy M. Blenner by Kevin P. Durkin (Durkin, Kevin) (Entered: 08/06/2015) |
| 08/06/2015 | 19 | *NOTICE OF CLAIM and* ANSWER to amended complaint *for Exoneration or Limitation of Liability* by Peggy M. Blenner(Durkin, Kevin) (Entered: 08/06/2015) |
| 08/06/2015 | 20 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Durkin, Kevin) (Entered: 08/06/2015) |
| 08/06/2015 | 21 | ATTORNEY Appearance for Claimant Shai Wolkowicki by Kenneth A. Hoffman (Hoffman, Kenneth) (Entered: 08/06/2015) |
| 08/06/2015 | 22 | MEMORANDUM by Peggy M. Blenner in support of Motion to Dismiss for Failure to State a Claim 20 (Attachments: # 1 Exhibit A, Boat Management Agreement)(Durkin, Kevin) (Entered: 08/06/2015) |
| 08/06/2015 | 23 | ATTORNEY Appearance for Movant Sharon Haws by David F. Rolewick (Rolewick, David) (Entered: 08/06/2015) |
| 08/06/2015 | 24 | NOTICE of Motion by Kevin P. Durkin for presentment of Motion to Dismiss for Failure to State a Claim 20 before Honorable Milton I. Shadur on 8/20/2015 at 09:00 AM. (Durkin, Kevin) (Entered: 08/06/2015) |
| 08/06/2015 | 25 | ATTORNEY Appearance for Claimant Peggy M. Blenner by Sean Patrick Driscoll (Driscoll, Sean) (Entered: 08/06/2015) |
| 08/06/2015 | 26 | CLAIM by Shai Wolkowicki regarding complaint, 1 , amended complaint 3 (Hoffman, Kenneth) (Entered: 08/06/2015) |
| 08/06/2015 | 27 | *Affirmative Defenses and Claim and* ANSWER to Complaint by Creative Yacht Management, Inc. d/b/a SailTime Chicago (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Conrad, Corinne) (Entered: 08/06/2015) |
| 08/06/2015 | 28 | MOTION by Claimant Shai Wolkowicki to join *Motion to Dismiss and memo in Support of Blenner* (Hoffman, Kenneth) (Entered: 08/06/2015) |
| 08/06/2015 | 29 | NOTICE of Motion by Kenneth A. Hoffman for presentment of Motion to Dismiss for Failure to State a Claim 20 , motion to join 28 before Honorable Milton I. Shadur on 8/20/2015 at 09:00 AM. (Hoffman, Kenneth) (Entered: 08/06/2015) |
| 08/07/2015 | 30 | MOTION by Movant Sharon Haws to join (Mahoney, Timothy) |

| | | (Entered: 08/07/2015) |
|---|---|---|
| 08/07/2015 | 31 | NOTICE of Motion by Timothy Joseph Mahoney for presentment of motion to join 30 before Honorable Milton I. Shadur on 8/20/2015 at 09:00 AM. (Mahoney, Timothy) (Entered: 08/07/2015) |
| 08/07/2015 | 32 | CLAIM by Sharon Haws regarding (Mahoney, Timothy) (Entered: 08/07/2015) |
| 08/07/2015 | 33 | MOTION by Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago to join *Blenner's Motion to Dismiss* (Schlom, Curt) (Entered: 08/07/2015) |
| 08/07/2015 | 34 | NOTICE of Motion by Curt Justin Schlom for presentment of motion to join 33 before Honorable Milton I. Shadur on 8/20/2015 at 09:00 AM. (Schlom, Curt) (Entered: 08/07/2015) |
| 08/10/2015 | 35 | MEMORANDUM signed by the Honorable Milton I. Shadur on 8/10/2015 requesting the litigants list citations to relevant caselaw to the Court by 8/17/2015. Mailed notice (gds) (Entered: 08/10/2015) |
| 08/11/2015 | 36 | SUPPLEMENT TO MEMORANDUM issued 8/10/2015. Signed by the Honorable Milton I. Shadur on 8/11/2015:Mailed notice(clw, ) (Entered: 08/11/2015) |
| 08/11/2015 | 37 | Notice of Withdrawal of Motion by Peggy M. Blenner (Durkin, Kevin) (Entered: 08/11/2015) |
| 08/12/2015 | 38 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10963577. (Mercante, James) (Entered: 08/12/2015) |
| 08/12/2015 | 39 | Notice of Withdrawal by Creative Yacht Management, Inc. d/b/a SailTime Chicago *of Motion to Adopt and Join Motion to Dismiss* (Schlom, Curt) (Entered: 08/12/2015) |
| 08/12/2015 | 40 | NOTICE by Shai Wolkowicki re MOTION by Claimant Shai Wolkowicki to join *Motion to Dismiss and memo in Support of Blenner* 28 , other 37 (Hoffman, Kenneth) (Entered: 08/12/2015) |
| 08/12/2015 | 41 | NOTICE by Claimant Sharon Haws to withdraw motion to join 30 , notice of motion 31 (Mahoney, Timothy) (Text Modified by the Clerk's Office) (gcy, ). (Entered: 08/12/2015) |
| 08/12/2015 | 🔒 | (Court only) ***Motions terminated: MOTION by Movant Sharon Haws to withdraw motion to join 30 , notice of motion 31 41 (gcy, ) (Entered: 08/20/2015) |
| 08/17/2015 | 42 | ATTORNEY Appearance for Claimant Skyway Yacht Works LLC by Michael David Reed (Reed, Michael) (Entered: 08/17/2015) |
| 08/20/2015 | 43 | MINUTE entry before the Honorable Milton I. Shadur: Status hearing held. Motion of James E. Mercante to appear pro hac vice on behalf of plaintiffs 38 is granted. Motion to dismiss 20 is withdrawn. Motions to |

| | | |
|---|---|---|
| | | adopt and join motion to dismiss 28 30 33 are withdrawn. Responses to this Court's 8/11/2015 Supplement to Memorandum are to be filed by 9/17/2015. Status hearing set for 11/18/2015 at 09:15 AM.Mailed notice (clw, ) (Entered: 08/20/2015) |
| 09/11/2015 | 44 | MOTION by Claimant Skyway Yacht Works LLC To Modify The Stay To Allow For The Filing Of Counterclaims In The State Court Actions And To Allow For The Proceeding Of Discovery In The State Court Actions (Attachments: # 1 Exhibit A)(Minichello, Dennis) (Entered: 09/11/2015) |
| 09/11/2015 | 45 | NOTICE of Motion by Dennis Minichello for presentment of motion for miscellaneous relief, 44 before Honorable Milton I. Shadur on 9/18/2015 at 09:15 AM. (Minichello, Dennis) (Entered: 09/11/2015) |
| 09/17/2015 | 46 | RESPONSE by Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago to memorandum opinion and order 36 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Conrad, Corinne) (Entered: 09/17/2015) |
| 09/17/2015 | 47 | RESPONSE by Claimant Shai Wolkowicki *to Court's August 11 Order* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Hoffman, Kenneth) (Entered: 09/17/2015) |
| 09/17/2015 | 48 | RESPONSE by Claimant Sharon Haws to memorandum opinion and order 36 (Mahoney, Timothy) (Entered: 09/17/2015) |
| 09/17/2015 | 49 | RESPONSE by Claimant Peggy M. Blenner to memorandum opinion and order 35 (Attachments: # 1 Exhibit Exhibit A - Boat Management Agreement, # 2 Exhibit Exhibit B - Declaration of Kevin P. Durkin, # 3 Exhibit Exhibit C - Novation Agreement, # 4 Exhibit Exhibit D - Contribution to Capital Agreement)(Durkin, Kevin) (Entered: 09/17/2015) |
| 09/18/2015 | 50 | MINUTE entry before the Honorable Milton I. Shadur:Motion hearing held. Motion to modify the stay 44 is granted Counsel is to submit a signature order.Mailed notice (clw, ) (Entered: 09/18/2015) |
| 09/22/2015 | 51 | RESPONSE by Claimant Skyway Yacht Works LLC to memorandum opinion and order 35 *of August 11, 2015* (Minichello, Dennis) (Entered: 09/22/2015) |
| 09/24/2015 | 52 | MEMORANDUM: This Court will leave it to the litigants to provide appropriate authority on the issues, so that an ultimate ruling may be made on the subject. (For further details see Memorandum) Signed by the Honorable Milton I. Shadur on 9/24/2015:Mailed notice(clw, ) (Entered: 09/24/2015) |
| 10/05/2015 | 53 | DOCUMENT REMOVED PURSUANT TO ORDER DATED 11/18/2015. (Minichello, Dennis) Modified on 11/19/2015 (gcy, ). (Entered: 10/05/2015) |
| | | |

| 10/07/2015 | 54 | DOCUMENT REMOVED PURSUANT TO ORDER DATED 111/18/2015. (Minichello, Dennis) (Entered: 10/07/2015) |
| --- | --- | --- |
| 10/08/2015 | 55 | Attorney name change form by Peggy M. Blenner (Brammeier, Tracy) (Entered: 10/08/2015) |
| 11/04/2015 | 56 | DOCUMENT REMOVED PURSUANT TO ORDER DATED 11/18/2015. (Minichello, Dennis) Modified on 11/19/2015 (gcy, ). (Entered: 11/04/2015) |
| 11/10/2015 | 57 | DOCUMENT REMOVED PURSUANT TO ORDER DATED 11/18/2015. (Reed, Michael) Modified on 11/19/2015 (gcy, ). (Entered: 11/10/2015) |
| 11/10/2015 | 58 | DOCUMENT REMOVED PURSUANT TO ORDER DATED 11/18/2015. (Conrad, Corinne) Modified on 11/19/2015 (gcy, ). (Entered: 11/10/2015) |
| 11/18/2015 | 59 | ORDER Signed by the Honorable Milton I. Shadur on 11/18/2015: Status hearing held. Documents Nos. 53, 54, 56, 57, and 58 are stricken (L.R. 26.3). The Clerk is directed to remove Document Nos. 53, 54, 56, 57, and 58 from the court file. Status hearing set for 2/24/2016 at 9:15 a.m. Mailed Notice.(gcy, ) (Entered: 11/19/2015) |
| 12/02/2015 | 60 | STIPULATION *by Claimants* (Rutkowski, Anthony) (Entered: 12/02/2015) |
| 12/07/2015 | 61 | AGREED ORDER Signed by the Honorable Milton I. Shadur on 12/7/2015. Mailed notice(lxs, ) (Entered: 12/07/2015) |
| 02/24/2016 | 62 | MINUTE entry before the Honorable Milton I. Shadur:Status hearing held on 2/24/2016. Status hearing set for 6/21/2016 at 09:00 AM.Mailed notice (clw, ) (Entered: 02/24/2016) |
| 04/04/2016 | 63 | MOTION by Intervenor Markel American Insurance Company to intervene (Attachments: # 1 Exhibit A)(Eastham, James) (Entered: 04/04/2016) |
| 04/04/2016 | 64 | ATTORNEY Appearance for Intervenor Markel American Insurance Company by James Michael Eastham (Eastham, James) (Entered: 04/04/2016) |
| 04/04/2016 | 65 | NOTICE of Motion by James Michael Eastham for presentment of motion to intervene 63 before Honorable Milton I. Shadur on 4/12/2016 at 09:15 AM. (Eastham, James) (Entered: 04/04/2016) |
| 04/04/2016 | 66 | ATTORNEY Appearance for Intervenor Markel American Insurance Company by Mark F. Wolfe (Wolfe, Mark) (Entered: 04/04/2016) |
| 04/04/2016 | 67 | ATTORNEY Appearance for Intervenor Markel American Insurance Company by Jason Michael Taylor (Taylor, Jason) (Entered: 04/04/2016) |

| | | |
|---|---|---|
| 04/04/2016 | 68 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-11787824. *for Christopher Abel* (Eastham, James) (Entered: 04/04/2016) |
| 04/06/2016 | 69 | ORDER: Motion of Christopher A. Abel for leave to appear pro hac vice on behalf of Markel American Insurance Company 68 is granted. Mailed Notice. Signed by the Honorable Milton I. Shadur on 4/6/2016.(gcy, ) (Entered: 04/07/2016) |
| 04/12/2016 | 70 | MINUTE entry before the Honorable Milton I. Shadur:Motion hearing held on 4/12/2016. Responses to the motion to intervene 63 are due by 5/3/2016. Status hearing set for 6/21/2016 is reset to 5/11/2016 at 09:15 AM.Mailed notice (clw, ) (Entered: 04/12/2016) |
| 04/12/2016 | 71 | TRANSCRIPT OF PROCEEDINGS held on 04/12/2016 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary Scarpelli, Rosemary_Scarpelli@ilnd.uscourts.gov, (312)435-5815.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/3/2016. Redacted Transcript Deadline set for 5/13/2016. Release of Transcript Restriction set for 7/11/2016. (Scarpelli, Rosemary) (Entered: 04/12/2016) |
| 04/27/2016 | 72 | MOTION by Plaintiff Tamara Sopka for extension of time to file response/reply as to motion hearing, terminate hearings, set motion and R&R deadlines/hearings 70 , notice of motion 65 , motion to intervene 63 (Rutkowski, Anthony) (Entered: 04/27/2016) |
| 04/27/2016 | 73 | NOTICE of Motion by Anthony Raymond Rutkowski for presentment of motion for extension of time to file response/reply, motion for relief,,,, 72 before Honorable Milton I. Shadur on 5/2/2016 at 09:15 AM. (Rutkowski, Anthony) (Entered: 04/27/2016) |
| 04/29/2016 | 74 | MINUTE entry before the Honorable Milton I. Shadur:Motion hearing set for 5/2/2016 is stricken. Motion for enlargement of time 72 is granted. Response to the motion to intervene 63 is extended to 5/13/2016. Status hearing set for 5/11/2016 is reset to 5/17/2016 at 09:00 AM.Mailed notice (clw, ) (Entered: 04/29/2016) |
| 05/09/2016 | 75 | Notice of Withdrawal of Its Petition to Intervene by Markel American Insurance Company (Eastham, James) (Entered: 05/09/2016) |
| 05/10/2016 | 76 | MINUTE entry before the Honorable Milton I. Shadur:Motion to |

| | | intervene 63 is withdrawn without prejudice.Mailed notice (clw, ) (Entered: 05/10/2016) |
|---|---|---|
| 05/17/2016 | 77 | MINUTE entry before the Honorable Milton I. Shadur:Status hearing held on 5/17/2016. Status hearing set for 8/18/2016 at 09:00 AM.Mailed notice (clw, ) (Entered: 05/17/2016) |
| 06/01/2016 | 78 | MOTION by Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago to substitute attorney (Schlom, Curt) (Entered: 06/01/2016) |
| 06/01/2016 | 79 | NOTICE of Motion by Curt Justin Schlom for presentment of motion to substitute attorney 78 before Honorable Milton I. Shadur on 6/3/2016 at 09:15 AM. (Schlom, Curt) (Entered: 06/01/2016) |
| 06/02/2016 | 80 | MINUTE entry before the Honorable Milton I. Shadur:Motion hearing set for 6/3/2016 is stricken. Motion for leave to withdraw and for substitution of counsel 78 is granted. Corinne L. Conrad and Curt Justin Schlom are withdrawn as counsel for claimant Creative Yacht Management, Inc. Andrew Fleming and Joshua E. Liebman are given leave to file their appearance as counsel for said claimant. Mailed notice (clw, ) (Entered: 06/02/2016) |
| 06/06/2016 | 81 | ATTORNEY Appearance for Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago by Patrick A. Fleming (Fleming, Patrick) (Entered: 06/06/2016) |
| 06/06/2016 | 82 | ATTORNEY Appearance for Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago by Joshua Edward Liebman (Liebman, Joshua) (Entered: 06/06/2016) |
| 06/23/2016 | 83 | MOTION by Intervenor Markel American Insurance Company to intervene (Attachments: # 1 Exhibit Exhibit A to Petition to Intervene) (Eastham, James) (Entered: 06/23/2016) |
| 06/23/2016 | 84 | NOTICE of Motion by James Michael Eastham for presentment of motion to intervene 83 before Honorable Milton I. Shadur on 6/28/2016 at 09:15 AM. (Eastham, James) (Entered: 06/23/2016) |
| 06/23/2016 | 85 | NOTICE of Motion by James Michael Eastham for presentment of motion to intervene 83 before Honorable Milton I. Shadur on 6/28/2016 at 09:15 AM. (Eastham, James) (Entered: 06/23/2016) |
| 06/28/2016 | 86 | MINUTE entry before the Honorable Milton I. Shadur:Motion hearing held on 6/28/2016. Response to motion to intervene 83 due by 7/28/2016. Status hearing set for 8/18/2016 is reset to 8/9/2016 at 08:45 AM.Mailed notice (clw, ) (Entered: 06/28/2016) |
| 06/28/2016 | 87 | ATTORNEY Appearance for Claimant Creative Yacht Management, Inc. d/b/a SailTime Chicago by Yvette V. Mishev, Mishe (Mishev, Yvette) (Entered: 06/28/2016) |
| 07/22/2016 | 88 | TRANSCRIPT OF PROCEEDINGS held on 06/28/2016 before the Honorable Milton I. Shadur. Court Reporter Contact Information: |

| | | |
|---|---|---|
| | | Rosemary Scarpelli, Rosemary_Scarpelli@ilnd.uscourts.gov, (312)435-5815.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/12/2016. Redacted Transcript Deadline set for 8/22/2016. Release of Transcript Restriction set for 10/20/2016. (Scarpelli, Rosemary) (Entered: 07/22/2016) |
| 07/28/2016 | 89 | RESPONSE by Plaintiff Tamara Sopka *to MAIC's Petition to Intervene and Proposed Motion to Modify Stay Order of May 26, 2015* (Attachments: # 1 Exhibit ProposedComplaint)(Rutkowski, Anthony) (Entered: 07/28/2016) |
| 07/28/2016 | 90 | RESPONSE by Creative Yacht Management, Inc. d/b/a SailTime Chicagoin Opposition to MOTION by Intervenor Markel American Insurance Company to intervene 83 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Fleming, Patrick) (Entered: 07/28/2016) |
| 08/09/2016 | 91 | MINUTE entry before the Honorable Milton I. Shadur: Status hearing held on 8/9/2016 and continued to 10/27/2016 at 09:00 AM. Markel American Insurance Company's motion to intervene 83 is denied. (For further details see Memorandum Opinion and Order)Mailed notice (clw, ) (Entered: 08/09/2016) |
| 08/09/2016 | 92 | MEMORANDUM Opinion and Order. Signed by the Honorable Milton I. Shadur on 8/9/2016:Mailed notice(clw, ) (Entered: 08/09/2016) |
| 09/07/2016 | 93 | NOTICE of appeal by Markel American Insurance Company regarding orders 92 Filing fee $ 505, receipt number 0752-12336619. (Eastham, James) (Entered: 09/07/2016) |
| 09/07/2016 | 94 | DOCKETING Statement by Markel American Insurance Company regarding notice of appeal 93 (Eastham, James) (Entered: 09/07/2016) |
| 09/07/2016 | 95 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 93 . (smm) (Entered: 09/07/2016) |